HOFFMEISTER CABINETS OF NEVADA, INC., A NEVADA CORPORATION, APPELLANT, *v.* DONALD C. BIVINS, DBA BIVINS CONSTRUCTION COMPANY, RESPONDENT.

No. 6413

June 21, 1971                          486 P.2d 57

*Cromer and Barker,* of Las Vegas, for Appellant.

*Leavitt, Edwards & Gladstone,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, C. J.:

Hoffmeister Cabinets of Nevada, Inc., sued to recover $4,800 from Donald C. Bivins, dba Bivins Construction Company, W R Corporation, and certain surety and bonding companies. The identity of the latter is not essential because they are not parties to the appeal. The lawsuit concerned payment for materials supplied in connection with the United States Air Force housing project on which Bivins was the general contractor. Bivins was sued for the amount in a count separate from others seeking payment from the surety companies.

The W R Corporation was claimed by Bivins to have been the true supplier of the materials in the sense that that corporation in fact owed the money, not he.

The issue on appeal is framed by the trial court granting Bivins and the surety companies an order for summary judgment dismissing the action against them. The motion for summary judgment is confusing in that it was based upon Bivins' assertion that the Miller Act (40 U.S.C.A. § 270a, b) deprives the state court of jurisdiction of any contract involving a federal project but the order of dismissal stated that it was being granted because of the absence of a factual issue.

1.  The pertinent provisions of the Miller Act provide:

"(b) Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere, irrespective of the amount in controversy in such suit, but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him." 40 U.S.C.A. § 270b(b).

We believe that the trial court erred. The count separately stated against Bivins removes the jurisdictional question, because the action against him as the principal preserves state court jurisdiction as to him, although not as to the surety companies. The Miller Act does not prevent state courts from

adjudicating suits between general and subcontractors. Voelz v. Milgram Contracting Co., 75 N.W.2d 305 (Wis. 1956); United States v. Peerless Insurance Company, 374 F.2d 942 (4th Cir. 1967). Therefore, the order dismissing Bivins was improper.

2. A different question, of course, is presented if the court granted the summary motion because of the absence of a genuine dispute of facts as is asserted by Bivins. But, if so, the court was in error there also. Bivins' deposition provides ample factual dispute. The legitimacy of his efforts to hide behind the corporate veil of W R Corporation, as well as his personal past dealings with Hoffmeister wherein there was no reference to the W R Corporation, allow Hoffmeister to claim to have relied upon him as an individual and create sufficient dispute for a full scale trial.

The burden of establishing the nonexistence of any genuine issue of fact is upon the party moving for summary judgment. All doubts are resolved against him and his supporting affidavits and depositions, if any, are carefully scrutinized by the court even as to inferences. Hidden Wells Ranch v. Strip Realty, 83 Nev. 143, 145, 425 P.2d 599 (1967); Catrone v. 105 Casino Corp., 82 Nev. 166, 169, 414 P.2d 106 (1965); Robbins v. Milner Enterprises, Inc., 278 F.2d 492 (5th Cir. 1960); Walling v. Fairmont Creamery Co., 139 F.2d 318, 322 (8th Cir. 1943); *see also* 6 J. Moore, Moore's Federal Practice, ¶ 56.15[3] (2d ed. 1966).

Reversed and remanded for further proceedings consistent with this opinion.

BATJER, MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.