CLAYTON E. BAKERINK, Appellant, v. ORTHOPAEDIC ASSOCIATES, LTD.; and RALPH J. LITTON, M.D., Individually and as Agent, Servant, and/or Employee of ORTHOPAEDIC ASSOCIATES, LTD., Respondents.

No. 9230

July 12, 1978                                    581 P.2d 9

*C. A. "Jack" Nelson, Chartered,* Las Vegas, for Appellant.

*Beckley, Singleton, DeLanoy, Jemison & Reid, Chartered,* Las Vegas, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

Appellant Clayton E. Bakerink brought this malpractice action against Ralph J. Litton, M.D., and the other named respondents seeking damages resulting from surgery performed by Dr. Litton on appellant's foot. Respondents filed a motion for summary judgment which the district judge granted, dismissing the complaint. We affirm.

1. The complaint was predicated upon a report by Dr. Walter Bigford which had suggested that the surgery performed by Dr. Litton caused injury to the lateral plantar nerve in appellant's foot. However, when Dr. Bigford's deposition was taken sometime after the complaint had been filed, he frankly admitted that his initial report, when made, was in error in that the surgery performed by Dr. Litton was done on the opposite side of the foot from the injured nerve.

Respondents' motion for summary judgment was based primarily on the affidavit of Ivan Mindlin, M.D., and was supported by various depositions, including Dr. Bigford's and

hospital records. Dr. Mindlin's affidavit sets forth the bases for his familiarity with the general standard of care of the practice of medicine in Las Vegas, where this surgery occurred, his review of the depositions and answers to interrogatories on file in the case, and his opinion that defendants' care and treatment of appellant was "well within the best standards of medical care for an orthopaedic surgeon, and more specifically, well within the standards of medical care practiced in the community of Las Vegas, County of Clark, State of Nevada" during the relevant time period.

Appellant filed nothing in response to the motion challenging the credibility of Dr. Mindlin's affidavit or any of the depositions or records filed in support thereof.

Instead, appellant did submit an affidavit suggesting that the motion was "prematurely filed" in view of respondents' failure to respond to certain amended interrogatories, submitted after respondents' motion. The basis for appellant-affiant's opposition to the motion for summary judgment was described as his wish "to have the aforesaid amended Interrogatories answered by said Defendants and to take Defendants' depositions so that affiant can obtain further additional independent medical evaluation based on Defendants' answers and the other voluminous medical data in this file," although over two years had elapsed since the complaint was filed.

Appellant contends that the district court erred in (1) granting summary judgment when a genuine issue of fact existed as to the causation of appellant's injuries, and (2) granting respondents' motion despite his affidavit, submitted pursuant to NRCP 56(f). These contentions are completely meritless.

2. Respondents moved for summary judgment on the ground that they had breached no duty to appellant. This was supported by the accompanying affidavit of Dr. Mindlin, concluding that appellant's treatment and care had met the applicable standard of care. Appellant submitted no affidavit or other document, outside the general allegations of his pleadings, to contradict this competent opinion. In such circumstances, summary judgment for respondents in a medical malpractice action is appropriate, whatever the state of the evidence as to causation of the injury. Lockart v. Maclean, 77 Nev. 210, 361 P.2d 670 (1961); see Foreman v. Ver Brugghen, 81 Nev. 86, 398 P.2d 993 (1965); and NRS 41A.100(1); NRCP 56(e).

3.   Rule 56(f), NRCP, provides that a court may, in its discretion, refuse an application for summary judgment or order a continuance, "[s]hould it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition. . . ." There is nothing in the record before this court which would support a finding that the district court abused its discretion in this instance. Appellant made no attempt to identify in his affidavit what facts might be obtained, in addition to the records, depositions, and affidavits already on file, that were essential to justify his opposition.

> "Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where, as here, a party fails to carry his burden under Rule 56(f), postponement of a ruling on a motion for summary judgment is unjustified."

Willmar Poultry Co. v. Morton-Norwich Products, 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied,* 424 U.S. 915 (1975). In these circumstances, the district judge did not abuse his discretion in granting respondents' motion for summary judgment. *See* School Board of Okaloosa County v. Richardson, 332 F.Supp. 1263 (N.D.Fla. 1971); Traill v. Felder, 330 F.Supp. 560 (D.Alas. 1971); Reaves v. Westinghouse Elec. Corp., 430 F.Supp. 623 (E.D.Wis. 1977); 6 J. Moore, Federal Practice § 56.24, at 56-1428, 56-1432 (2d ed. 1976).

The trial court order granting respondents' motion for summary judgment, and dismissing appellant's complaint with prejudice, is affirmed.

BATJER, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.