# PACIFIC POOLS CONSTRUCTION COMPANY, APPELLANT, *v.* McCLAIN'S CONCRETE, INC., RESPONDENT.

## No. 15191

September 30, 1985                706 P.2d 849

*Johnson, Pilkington & Reynolds*, and *George W. Foley, Jr.*, Las Vegas, for Appellant.

*Apple, Zervas & Gewerter,* and *Gary D. Watson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment. We have determined that the grant of summary judgment was partially improper as a matter of law. Accordingly, we affirm in part, reverse in part, and remand with instructions.

The following facts are not disputed. Respondent McClain's Concrete, Inc. (McClain) performed subcontracting work for appellant Pacific Pools Construction Company (Pacific) from 1977 to 1981. Pacific failed to compensate McClain for the work done between August and November, 1981. In March of 1982, McClain contacted the State Board of Contractors to obtain assistance in collecting the debt. With the help of the Board's intervention, the parties reached a new agreement that provided that the debt would be paid in monthly installments of at least $500.00. Pacific made partial payment, but in August, 1982, the outstanding debt, according to McClain, was still in excess of $11,000.00.[1] Consequently, McClain commenced an action in district court to recover the unpaid balance. On June 29, 1983, the district court granted summary judgment against Pacific and awarded McClain $18,041.01 in damages. The three elements making up the damages award are as follows: (1) $7,334.81, the principal amount of the debt; (2) $3,888.31, interest at 18 percent per annum through August 16, 1982, the date of the filing of the complaint; and (3) $6,817.89, the amount of tax penalties imposed against McClain for its failure to pay its federal withholding taxes.[2] The district court also awarded McClain attorney's fees and interest on the entire judgment at 12 percent per annum beginning on August 16, 1982, the date of the filing of the complaint. Pacific appealed.

---

[1] This figure includes the principal amount of the outstanding debt plus interest at 1.5 percent per month, or 18 percent per annum.

[2] These figures do not match the figures quoted in the briefs on appeal. However, the figures quoted in the briefs do not add up to the amount awarded by the district court. Although the district court did not indicate in its order how the total damage award of $18,041.01 was computed, it appears that the district court relied on the affidavit of Patrick C. McClain, President of McClain's Concrete, Inc., as a basis for the award. The figures quoted in the text are taken from that affidavit. On remand the district court is instructed to make a clear determination of the precise amounts to be awarded as principal, interest, or other damages.

On appeal, Pacific admits that it owes McClain an outstanding debt of $7,334.81. Further, Pacific does not challenge the award of attorney's fees or the interest charged against the judgment. Accordingly, these portions of the judgment will be affirmed. However, Pacific contends that the district court erred by awarding McClain interest on the principal debt amount at 18 percent per annum and by awarding McClain the amount of the tax penalties imposed by the Internal Revenue Service because of McClain's failure to pay its withholding taxes. We agree.

Summary judgment is appropriate only where no genuine issue of fact remains for trial and one party is entitled to judgment as a matter of law. NRCP 56(c); *see* Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970). Further, it is well established that a litigant has the right to a trial where the slightest doubt as to the facts exists. Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981). In addition, in deciding whether summary judgment is appropriate, the evidence must be viewed in the light most favorable to the party against whom summary judgment is sought, and the factual allegations of that party must be presumed correct. *See* Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 668 P.2d 1075 (1983). Finally, the burden of establishing the non-existence of any genuine issue of fact is on the party moving for summary judgment. Hoffmeister Cabinets of Nev. v. Bivins, 87 Nev. 282, 486 P.2d 57 (1971). With this standard in mind, we turn to Pacific's contentions.

Pacific first contends that the district court could not find as a matter of law that McClain was entitled to 18 percent prejudgment interest on the outstanding debt. We note initially that the district court did not expressly award prejudgment interest at the rate of 18 percent per annum on the outstanding debt. Instead, $3,888.31 of the amount awarded as damages represents interest charged by McClain on its invoices at 1.5 percent per month from the time monies became due until August 16, 1982, the date of the filing of the complaint. The only interest award made by the district court was an award of interest at 12 percent per annum on the judgment from and after August 16, 1982. This award is not challenged by Pacific.

Pacific argues that it was improper for the damages award to include an amount which represents interest at 18 percent per annum because Pacific did not agree to an 18 percent interest charge. McClain asserts, on the other hand, that the 18 percent interest charge represents the "common custom and usage" in the construction industry, and that the district court, therefore, could find as a matter of law that McClain was entitled to 18 percent interest. NRS 99.040 provides: "When there is *no express contract in writing* fixing a different rate of interest,

interest must be allowed at the rate of *12 percent per annum. . . .*'' (Emphasis added.) McClain admits that the written agreement of the parties does not include a provision for an 18 percent per annum interest charge. However, McClain argues that invoices sent to Pacific had included the 1.5 percent per month charge and that Pacific had acknowledged receipt of the invoices. Thus, McClain contends that these invoices evidence an agreement between the parties to the 18 percent interest charge. In his affidavit in opposition to the motion for summary judgment, however, Pacific's president denied that Pacific had agreed to the 18 percent interest charge.

Although it may be argued, as Pacific does, that this difference of opinion is a sufficient material issue of fact to preclude the granting of summary judgment, we conclude as a matter of law that under the circumstances of this case McClain's invoices are insufficient to satisfy the written contract requirement of NRS 99.040. Consequently, McClain is only entitled to 12 percent interest on the amounts owed from the time they became due regardless of the ''custom and usage'' in the industry. *See* NRS 99.040. Therefore, that portion of the judgment that represents prejudgment interest at the rate of 18 percent per annum must be reversed. However, because it is impossible on the record before us to determine the amount of interest due, we must remand the case to the district court for that determination.

Pacific next contends that McClain was not entitled as a matter of law to receive as damages the amount of tax penalties assessed against McClain for McClain's failure to pay its withholding taxes. McClain asserts that because Pacific failed to pay its bills, McClain was left short of cash and could not meet its federal withholding tax obligations. As a result, penalties were imposed on McClain by the IRS. McClain further asserts that Pacific knew that McClain needed the amounts owed to meet its tax burden and that, therefore, the penalties were a foreseeable result of Pacific's breach of contract. McClain's reasoning is unsound.

Under I.R.C. § 3402 (1954), a duty is imposed on all employers to *withhold* from the wages of their employees an amount to be determined in accordance with the IRS regulations as income taxes. The amount withheld immediately becomes the property of the federal government and the employer holds it as trustee for the federal government. United States v. Hill, 368 F.2d 617 (5th Cir. 1966); P. C. Pfeiffer Co. v. The Pacific Star, 183 F.Supp. 932 (E.D.Va. 1960). These amounts must be remitted to the federal government, and the failure to do so is a violation of federal law. Further, a presumption arises on the payment of

wages by an employer that an appropriate amount has actually been withheld. United States v. Abrahams, 312 F.Supp. 1035 (S.D.N.Y. 1970). Failure to actually withhold the appropriate funds is a violation of federal law. In addition, if an employer's funds are insufficient to pay its employees' net wages and to pay proper withholding taxes, the employer must prefer the United States over its workers and reduce the amount of wages paid by an amount sufficient to leave funds for payment of the withholding taxes. Sorenson v. United States, 521 F.2d 325 (9th Cir. 1975). Therefore, no penalties could have been imposed upon McClain for failure to pay withholding taxes unless McClain directly violated federal tax law. We conclude, therefore, as a matter of law, that Pacific could not be expected to have foreseen that McClain would violate federal law, and that the tax penalties were not a direct result of Pacific's breach. *See* Daniel v. Hilton Hotels Corp., 98 Nev. 113, 115-16, 642 P.2d 1086, 1087 (1982).[3] Accordingly, it was error for the district court to have granted summary judgment in favor of McClain on this issue.

Having concluded as a matter of law that summary judgment was improperly granted with respect to the two items discussed above, we reverse the judgment of the district court on these two issues and remand the case to the district court for a determination of the amount of prejudgment interest that should be awarded. In all other respects, the judgment is affirmed.

SPRINGER, C. J., MOWBRAY, GUNDERSON, and STEFFEN, JJ., and ZENOFF, S. J.,[4] concur.

---

[3]McClain argues that a new agreement between the parties was reached as a result of the State Board of Contractors' intervention and that this new agreement was an accord. Because there has been no satisfaction, McClain argues that the new agreement is an executory accord. The point of this argument seems to be that at least at the time of the alleged accord, the tax penalties were foreseeable damages in the event of a breach. We disagree. The conclusion that the tax penalties were not foreseeable as a matter of law applies regardless of whether McClain's suit is based on the original contract or the new agreement.

[4]The Governor designated THE HONORABLE DAVID ZENOFF, Senior Justice, to participate in this case. Nev. Const., art. 6 § 4.