BARBARA A. CLAUSON AND DALE L. CLAUSON, HUS-
BAND AND WIFE, APPELLANTS, *v.* WILLIAM J. LLOYD,
JR., M.D., AN INDIVIDUAL; WILLIAM J. LLOYD, JR.,
M.D., A NEVADA CORPORATION, RESPONDENTS.

No. 17695

October 8, 1987                              743 P.2d 631

*Michael J. Morrison,* Reno, for Appellants.

*Echeverria, Osborne & Jenkins* and *Cathy Bradford,* Reno, for
Respondents.

## OPINION

By the Court, MOWBRAY, J.:

This is an appeal from a grant of summary judgment by the
lower court to respondent William J. Lloyd, Jr., M.D.

("Lloyd"). In December 1982, Barbara A. Clauson ("Clauson") consulted Lloyd, a Carson City obstetrician and gynecologist, for the purpose of obtaining diagnosis and treatment of an unknown illness. Lloyd diagnosed Clauson's condition as endometriosis of the uterus. He treated her surgically by performing a hysterectomy and oophorectomy. Clauson alleged that Lloyd negligently incised the back of her bladder and closed her right ureter. Clauson further alleged that as a result of Lloyd's negligence, she was required to have corrective surgery to repair the defects. In his answer, Lloyd denied Clauson's allegations and claimed that Clauson was guilty of contributory negligence which resulted in the injuries alleged in her complaint. Lloyd moved for summary judgment contending that Clauson lacked competent evidence to establish her claim. Attached to the motion was an affidavit in which Lloyd asserts that he performed according to the standard of practice, learning, and skill ordinarily practiced by medical practitioners in the community.

Clauson alleges that the affidavit filed in support of the motion for summary judgment was inadmissible because it was "self-serving" and consisted of inadmissible expressions of opinion by a nonexpert. Clauson implicitly argues that contrary to Lloyd's allegations and the district court findings, she had no duty to produce an expert to refute the claims in Lloyd's summary judgment motion. In sum, she alleges that there are no grounds upon which to support the district court's grant of summary judgment.

## DISCUSSION

It is not necessary for us to address the propriety of Lloyd's allegation regarding Clauson's failure to produce an expert or other evidence to establish an essential element of her case.[1] Instead, we need only examine Lloyd's summary judgment motion under NRCP 56, so as to determine whether, in fact, Clauson had any duty to respond on the merits.

NRCP 56(c) provides in part:

> The judgment [summary judgment] sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *if any,* show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (Emphasis added.)

Lloyd contends that NRCP 56 does not require a motion for

---

[1]*See* Bakerink v. Orthopaedic Associates, Ltd., 94 Nev. 428, 581 P.2d 9 (1978).

summary judgment to be accompanied by an affidavit, and that, therefore, the sufficiency of his affidavit is irrelevant in determining whether his motion for summary judgment was properly granted. In a recent United States Supreme Court case wherein the court was asked to interpret Federal Rules of Civil Procedure (FRCP) 56, Lloyd's principal point was reiterated. In the case of Celotex Corp. v. Catrett. 106 S.Ct. 2548 (1986) the court held: "[A]nd if there were any doubt about the meaning of Rule 56(e) in this regard, such doubt is clearly removed by Rule 56(a) and (b), which provide that claimants and defendants, respectively, may move for summary judgment '*with* or *without supporting affidavits*'." *Id.* at 2553 (emphasis in original). Lloyd alleges that any deficiencies present in his affidavit are at the very least inconclusive and at most are completely inconsequential to the disposition of this case. For the reasons herein set forth, we cannot accept Lloyd's interpretation.

The Supreme Court makes it abundantly clear in *Celotex* that an affidavit is not required to support a motion under FRCP 56. It is equally clear from the court's opinion, however, that it assumed in its interpretation of FRCP 56 that other indicia in the record would, standing alone, support the motion for summary judgment:

> [T]he import of these subsections [56(a) and 56(b)] is that regardless of whether the moving party accompanied its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied.

477 U.S. 317, ......, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

We find nothing in the record which clearly demonstrates that there was an absence of a genuine issue of material fact: no depositions had yet been taken; only one very general set of interrogatories had been answered; and the admissions, as they existed, were predictably of little use in determining the issues of this case. In sum, there is little in the essential portions of the record upon which Lloyd's summary judgment motion could rest.

In light of our findings in the primary record, Lloyd's motion, if it is to stand, must do so on the strength of the affidavit. Unfortunately, we find it fatally defective for several reasons: the affidavit is replete with generalizations which do not address adequately the allegations in the complaint; the affidavit does not show that there is no genuine issue as to any material fact; and, it

states little apart from the doctor's name which is admissible into evidence as is required under NRCP 56(e);[2] indeed, respondent does not deny in the affidavit that he incised the back of plaintiff's bladder—rather, he summarily reaches the conclusion that his performance conformed to the applicable standard of care.

Were we to hold that the affidavit in this case is strong enough to support a summary judgment motion, the effect would be chilling: any defendant physician could come into court, file a motion for summary judgment alleging solely that he conformed to the applicable standard of care without any valid supporting documentation and if the plaintiff did not procure an expert to refute the charge, his case would be thrown out. We do not think this is what the Supreme Court contemplated in *Celotex*.[3]

We are not unmindful of the need to "isolate and dispose of factually unsupported claims . . . ." 106 S.Ct. 2548, 2553. They waste court time, cause undue anguish to the litigants, and perhaps above all else, are expensive. Nevertheless, litigants should not be deprived of a trial on the merits if there is the slightest doubt as to the operative facts. *See* Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d 533 (1982).

NRCP 56(e) mandates that a motion for summary judgment shall be granted when it is "made and supported as provided in this rule" and the opposing party has failed to respond. The moving party has not met the test. Where, as here, there is still an unresolved material question of fact in dispute we must allow the case to go forward. Accordingly, we reverse the district court order granting summary judgment and remand the case to the district court for further proceedings.

GUNDERSON, C. J., and STEFFEN, YOUNG, and SPRINGER, JJ., concur.

---

[2]NRCP 56(e) provides in part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence . . . .

[3]Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
106 S.Ct. at 2553; *see generally* Mullis v. Nevada National Bank, 98 Nev. 510, 654 P.2d 533 (1982).