DAVID F. CHARLES AND MARGARET PEGGY CHARLES, Appellants, *v.* J. STEVEN LEMONS & ASSOCIATES, a Corporation; CENTURY REALTY, a Corporation; LARRY GEISENDORF, an Individual, Respondents.

No. 18134

August 25, 1988          760 P.2d 118

*John Peter Lee* and *Grenville Thomas Pridham,* Las Vegas, for Appellants.

*Eric Zubel* and *G. Michael Jackson,* Las Vegas, for Respondent J. Steven Lemons & Associates.

*Ordowski & Eads,* Las Vegas, for Respondents Century Realty and Larry Geisendorf.

## OPINION

*Per Curiam:*

Appellants David F. Charles and Margaret Peggy Charles (the Charleses) retained respondents Century Realty (Century) and its agent and part-owner Larry Geisendorf to sell their house at 3220 Garheim in Clark County. Geisendorf brought the Charleses an offer from Frank and Lois Conklin (the Conklins). The offer set forth that the Conklins would assume the loan on the first deed of trust on the property and execute a third deed of trust in favor of the Charleses in consideration of the Charleses' financing $39,700 of the total sale price.

Escrow was closed in the sale and the Conklins moved into the house, but they made no payments on the loans. After two months, the Charleses foreclosed their interest in the property and began payments on the obligations.

In their complaint the Charleses alleged causes of action including affirmative misrepresentation and failure to disclose material information on the part of Lemons, Geisendorf and Century. Respondents denied these allegations and raised affirmative defenses including assumption of risk and contributory negligence on the part of the Charleses.

On January 7, 1987, after the parties had conducted discovery, Geisendorf and Century filed their motion for summary judgment. The Charleses opposed the motion. After a hearing, the court granted the motion and entered judgment for Geisendorf and Century on February 3, 1987.

Lemons filed its motion for summary judgment on February 2, 1987. The Charleses promptly filed their opposition to Lemons' motion. Following a hearing, the district court, on March 10, 1987, entered judgment dismissing with prejudice the Charleses' claims against Lemons and awarding costs in the amount of $544 to Lemons.

The Charleses argue that the district court erred in granting summary judgment and dismissing their complaint because unresolved issues of material fact remained outstanding, because respondents were not entitled to summary judgment as a matter of law and because the court misplaced the burden of proof in Geisendorf and Century's motion for summary judgment.

Summary judgment should not be entered when material issues of fact exist. Shepard v. Harrison, 100 Nev. 178, 678 P.2d 670 (1984). We have previously explained constraints applicable to summary proceedings as follows:

> Trial judges are admonished to exercise great caution in granting summary judgment. Litigants are not to be deprived of a trial on the merits if there is the slightest doubt as to the operative facts. . . . The trial court should review the record searchingly for material issues of fact, the existence of which eliminate the propriety of summary treatment.

Mullis v. Nevada National Bank, 98 Nev. 510, 512, 654 P.2d 533, 535 (1982) (citations omitted).

In their motion for summary judgment, Geisendorf and Century argued that they owed no duty to the Charleses which could give rise to a cause of action, that they had not guaranteed that the Conklins would meet their obligations, and that the Charleses assumed the risks involved in the transaction.

The Charleses opposed Geisendorf and Century's motion for summary judgment, asserting that Geisendorf failed to disclose to them that the Conklins had listed on the credit application a combined income of only $2,400 per month, that the Conklins expected to use income from a speculative gold investment to meet their financial obligations in the sale, and that the Conklins' second mortgage on the property was secured by a promissory note with an interest rate of 22.5 percent and a stated annual percentage rate of 30.85 percent. They said this information would have been material to their decision to accept the offer, and that Geisendorf breached a fiduciary duty to them in failing to disclose it. The Charleses also stated that Geisendorf's telling them the Conklins were financially capable and qualified to make payments on the loans and to buy the property was either an affirmative misrepresentation or the result of a breach of fiduciary duty in failing to investigate. The motion was supported by a affidavit of Margaret P. Charles. In their answer, Geisendorf and Century denied these allegations. Therefore, these disputed issues of fact existed between the parties.

Upon questioning by counsel, the district court said it granted summary judgment "[b]ecause I think when you take all of the evidence in its light most favorable to the defendant Geisendorf and . . . Century Realty, that there remains no genuine issue of a material fact." Geisendorf and Century are the moving parties.

"In deciding whether summary judgment is appropriate, the evidence must be viewed in the light most favorable to the party *against whom* summary judgment is sought, and the factual allegations of that party must be presumed correct." Pacific Pools Constr. v. McClain's Concrete, 101 Nev. 557, 559, 706 P.2d 849, 851 (1985) (emphasis added). "[T]he burden of establishing

the non-existence of any genuine issue of fact is on the party moving for summary judgment." *Id.* (citing Hoffmeister Cabinets of Nev. v. Bivins, 87 Nev. 282, 486 P.2d 57 (1971)). The district court erred in construing the evidence in favor of Geisendorf and Century, the parties moving for summary judgment. The fact that outstanding issues of material fact remained, as discussed above, supports the conclusion that the district court construed the evidence in favor of Geisendorf and Century, and did not merely misidentify the parties.

In their motion for summary judgment, Geisendorf and Century did not submit to the trial court any detailed response, supported by citations to authority, concerning the legal issues of the Charleses' allegations that they breached a fiduciary duty by failing to disclose or by misrepresenting material facts. "Summary judgment is appropriate only where no genuine issue of material fact remains for trial *and* one party is entitled to judgment as a matter of Law." *Id.* (emphasis added). If, as they must be, the facts presented by the Charleses are accepted as true, Geisendorf and Century did not demonstrate their entitlement to summary judgment as a matter of law.

In its motion for summary judgment, Lemons presented deposition testimony in which the Charleses admitted that Lemons made no representations to the Charleses concerning the Conklins and that Lemons had no direct contact or communication with the Charleses. The Charleses could point only to their reliance on Geisendorf's statements that Lemons had found the Conklins to be financially qualified, and Geisendorf's apparent reliance on Lemons in his presentation of the Conklins as qualified buyers, to support their cause of action against Lemons. Lemons arranged a loan to the Conklins that was secured by the property the Conklins bought from the Charleses, but there was no contract between Lemons and the Charleses. The Charleses have not presented any evidence that dispels Lemons' demonstration of the lack of material issues of fact or legal causes of action by the Charleses against Lemons in this case. Accordingly, the district court was correct in finding that there existed no genuine issue of material fact as to Lemons and in granting summary judgment and entering its judgment of dismissal with prejudice with respect to the Charleses' claims against Lemons.

Because, when the evidence is construed in the light most favorable to the Charleses, there remain disputed issues of material fact, and because Geisendorf and Century are not entitled to summary judgment as a matter of law, we conclude that the district court erred in granting Geisendorf and Century's motion for summary judgment and in dismissing the Charleses' action with respect to Geisendorf and Century. The district court's order

granting Geisendorf and Century's motion for summary judgment is vacated and this matter is remanded to the district court for further proceedings consistent with this opinion. The district court's order granting Lemons' motion for summary judgment and its judgment of dismissal with prejudice and award of costs is affirmed with respect to respondent J. Steven Lemons & Associates.