LORIE FERREIRA AND CARLO FERREIRA, APPELLANTS, *v.* P.C.H. INC., A NEVADA CORPORATION DBA RENT-A-VETTE, RESPONDENT.

No. 19411

June 1, 1989 · 774 P.2d 1041

*Zervas & Evans,* Las Vegas, for Appellants.

*John W. Boyer,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment. Appellant Lorie Ferreira rented an automobile from respondent P.C.H., Inc., a Nevada corporation doing business as Rent-a-vette. While being driven by an unauthorized driver, the automobile was involved in a one-car accident. Rent-a-vette sued Lorie and her husband Carlo Ferreira. The district court granted summary judgment in favor of Rent-a-vette against both Lorie and Carlo in the amount of $11,068.31 plus attorney's fees, costs and interests.

Summary judgment is appropriate only when no genuine issue of fact remains for trial and one party is entitled to judgment as a matter of law. *See* Pacific Pools Constr. v. McClain's Concrete, 101 Nev. 557, 706 P.2d 849 (1985). Further, in deciding whether summary judgment is appropriate, the evidence must be viewed in the light most favorable to the party against whom summary judgment is sought, and the factual allegations of that party must be presumed correct. *Id.* Nevertheless, when a motion is made and supported by evidence and affidavits, an adverse party may not rest on the mere allegations and denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *See* NRCP 56(e); Clauson v. Lloyd, 103 Nev. 432, 743 P.2d 631 (1987).

In this case, Lorie did not provide any specific opposition to the motion for summary judgment. She filed no affidavit on her own behalf, and her only arguments against granting summary

judgment were that she had insurance and was out of town. These arguments are legally insufficient to preclude liability. Therefore, Lorie rested on her pleadings and general denials in the face of a documented motion for summary judgment, and she failed to raise in the district court a genuine issue of fact.

Further, Rent-a-vette established in the district court that it was entitled to judgment against Lorie as a matter of law. The rental agreement provided in bold capital letters that only persons listed on the contract were authorized to drive the vehicle. The only person authorized to drive the vehicle was Lorie. It is undisputed that Carlo's brother-in-law, Anthony Tyler, drove the car. Further, Lorie never alleged that she did not give Carlo or Tyler permission to drive the car. Therefore, whether Lorie gave the keys to Carlo or Tyler, she breached the contract.

Lorie claims, nevertheless, that she purchased collision insurance from Rent-a-vette and is therefore not liable for the damages that resulted from the accident. The protection Lorie purchased is labeled in the contract "collision/theft damage waiver." Paragraph 4(3) of the contract provides in all capital letters that "collision damage waiver is not insurance." Paragraph 4 also provides in all capital letters that the collision damage waiver does not apply if the renter allows an unauthorized driver to drive the automobile. Because an unauthorized driver was driving the automobile at the time of the accident, the collision damage waiver provision of the contract does not absolve Lorie of liability. We conclude, therefore, that Rent-a-vette was entitled as a matter of law to judgment against Lorie, and we affirm the district court's judgment in this respect.

Similarly, Carlo's opposition to Rent-a-vette's motion for summary judgment failed to raise a genuine issue of fact for trial. Nevertheless, Rent-a-vette failed to establish in the district court that it was entitled to a judgment as a matter of law against Carlo.

Rent-a-vette asserts that Carlo is liable for the damages to the automobile because he is the husband of Lorie. In its brief, Rent-a-vette suggests two theories for holding Carlo liable for the debt of his wife. Neither of these theories was presented to the district court below, and thus they are not properly before this court in this appeal. *See* Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (a point not raised in the district court cannot be raised for the first time on appeal). Further, these theories are insufficient as a matter of law to support the district court's judgment against Carlo.

First, Rent-a-vette contends that NRS 123.090 provides a basis

for holding a husband liable for the debts of his wife.[1] Rent-a-vette argues that the automobile is a necessity it provided to Lorie. We disagree. There has been no allegation that Carlo neglected to make adequate provision for the support of Lorie. Further, this was not an action to recover the reasonable value of supplied necessities. Also, the judgment is against Carlo personally, and there is no provision that the community property of the parties must be first used to satisfy the debt. Finally, although a rental car may be a necessity in today's world, Rent-a-vette did not argue below that Lorie was destitute or without transportation or that Rent-a-vette provided the car because of Lorie's necessity. NRS 123.090 simply does not apply to this case, and provides no basis for the award against Carlo.

Second, Rent-a-vette contends that Carlo converted the automobile when he gave the keys to the unauthorized driver, thus making him liable to Rent-a-vette for the value of the car. We disagree.

"A conversion is defined as a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights. . . . 'Moreover, an act, to be a conversion, must be essentially tortious; a conversion imports an unlawful act, or an act which cannot be justified or excused in law'." Wantz v. Redfield, 74 Nev. 196, 198, 326 P.2d 413, 414 (1958) (citations omitted); see also Bader v. Cerri, 96 Nev. 352, 609 P.2d 314 (1980).

Rent-a-vette has not suggested exactly what tortious act Carlo allegedly committed. Further, it is not clear from any of the affidavits that Carlo knowingly acted in derogation, exclusion or defiance of the rights of Rent-a-vette, or exercised dominion and control, to the exclusion of Rent-a-vette, over the car. Further, the conversion theory was never asserted below against Carlo, and has not been developed in this appeal in any coherent manner.[2] Given more facts, it may be possible for Rent-a-vette to

---

[1]NRS 123.090 provides:

> If the husband neglects to make adequate provision for the support of his wife, any other person may in good faith supply her with articles necessary for her support, and recover the reasonable value thereof from the husband. The separate property of the husband is liable for the cost of such necessities if the community property of the spouses is not sufficient to satisfy such debt.

[2]In the complaint, Rent-a-vette alleged that Lorie had made false representations when renting the car which amounted to a conversion of the car. This cause of action cannot be read to allege a conversion by Carlo. Further, the complaint does not allege a conversion as a result of giving the keys to the unauthorized driver, the only act with which Carlo has been charged by Rent-a-vette.

prove below that Carlo converted their car. On the record before this court, however, Rent-a-vette has failed to establish as a matter of law that Carlo converted Rent-a-vette's automobile.

Finally, in the complaint, Rent-a-vette asserted that Lorie rented the car for a community purpose with the knowledge and consent of Carlo. The thrust of this argument in the complaint was to prove fraud and misrepresentation on the part of Lorie, possibly participated in by Carlo. Rent-a-vette did not, however, pursue any theory in the district court based on fraud or misrepresentation. The motion for summary judgment was entirely based on a claim of breach of contract, *i.e.,* the contract was breached when an unauthorized driver drove the car. Rent-a-vette never attempted to establish that a community purpose for the rental existed or to argue that Carlo's liability could be based on the existence of such a purpose. Further, Rent-a-vette has not argued in this court that a community purpose is a basis for liability, nor is the judgment against the community. Thus, this argument does not provide an adequate basis for the district court's summary judgment.

We conclude, therefore, that Rent-a-vette did not establish liability on the part of Carlo as a matter of law in the proceedings below. Accordingly, we reverse the district court's summary judgment with respect to Carlo only, and we remand this matter to the district court for further proceedings consistent with this opinion.