ANSTEAD, Judge,
concurring specially.
This case is not unlike that of Ferreira v. P.C.H. Inc., 774 P.2d 1041 (Nev.1989). I join in the affirmance here for the same reasons articulated by the Nevada court:
The rental agreement provided in bold capital letters that only persons listed on the contract were authorized to drive the vehicle. The only person authorized to drive the vehicle was Lorie. It is undisputed that Carlo’s brother-in-law, Anthony Tyler drove the car. Further, Lorie never alleged that she did not give Carlo or Tyler permission to drive the car. Therefore, whether Lorie gave the keys to Carlo or Tyler, she breached the contract.
Lorie claims, nevertheless, that she purchased collision insurance from Rent-a-vette and is therefore not liable for the damages that resulted from the accident. The protection Lorie purchased is labeled in the contract “collision/theft damage waiver.” Paragraph 4(3) of the contract provides in all capital letters that “collision damage waiver is not insurance.” Paragraph 4 also provides in all capital letters that the collision damage waiver does not apply if the renter allows an unauthorized driver to drive the automobile. Because an unauthorized driver was driving the automobile at the time of the accident, the collision damage waiver provision of the contract does not absolve Lorie of liability. We conclude', therefore that Rent-a-vette was entitled as a matter of law to judgment against Lorie, and we affirm the district court’s judgment in this respect.