# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREEN TREE SERVICING LLC,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Respondent.

No. 71248

**FILED**

FEB 27 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an interpleader and quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

We are not persuaded that the district court abused its discretion in declining to consider John Curcio's declaration and supporting documentation purporting to show that Fannie Mae owned the loan in question on the date of the foreclosure sale, as that information was not provided during discovery.[1] *See M.C. Multi-Family Dev., LLC v. Crestdale Assocs.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (reviewing a district court's decision to admit or exclude evidence for an abuse of discretion); *see also Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev. 224, 228, 276 P.3d 246, 249 (2012) ("Discovery matters are within the

---

[1]We decline to consider appellant's arguments that respondent had a duty to proactively ask for this information or that appellant's failure to timely disclose the information was harmless. *Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

19-09110

district court's sound discretion . . . ."). Nor are we persuaded that the district court abused its discretion in determining that Jamie Cooper's declaration, which is devoid of any supporting documentation, failed to establish that Fannie Mae owned the loan on the date of the foreclosure sale. *See M.C. Multi-Family Dev.*, 124 Nev. at 913, 193 P.3d at 544; *cf. Clauson v. Lloyd*, 103 Nev. 432, 434-35, 743 P.2d 631, 633 (1987) (rejecting the idea that an unsupported affidavit is always sufficient to establish the attested-to matters). Consequently, this court's decision in *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev., Adv. Op. 36, 417 P.3d 363, 367-68 (2018), does not provide a basis for reversing the summary judgment.

The district court also correctly determined that Miles Bauer's June 2012 letter offering to pay the superpriority lien amount, once that amount was determined, was insufficient to constitute a valid tender.[2] *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."); *cf. Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) ("Valid tender requires payment in full."). The letter was therefore ineffective to preserve the first deed of trust from being extinguished by the foreclosure sale.

---

[2]Neither *Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), nor *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), support appellant's position. Those cases addressed when a party's performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Ebert*, 75 Nev. at 222, 337 P.3d at 1077; *Cladianos*, 69 Nev. at 45-47, 240 P.2d at 210-11.

Appellant contends alternatively that the district court should have set aside the sale based on the allegedly inadequate purchase price and evidence of unfairness in the foreclosure process. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). As evidence of unfairness, appellant relies on (1) the fact that the HOA's agent did not respond to the August 2012 letter,[3] and (2) a $2,088 payment that the former homeowner allegedly made to the HOA.

We disagree that this evidence amounts to unfairness. First, although the HOA's agent did not respond to the letter, there is nothing in the record to suggest that this nonresponse affected the bidding at the foreclosure sale. *Cf. id.* at 643 (observing that there must be "'some element of fraud, unfairness, or oppression *as accounts for and brings about the inadequacy of price.'"* (emphasis added) (quoting *Shadow Wood Homeowners' Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 58, 366 P.3d 1105, 1111 (2016))). Moreover, we note that appellant, its predecessor, and Miles Bauer had numerous other ways to protect the first deed of trust, including, at bare minimum, following up on the letter. Second, the district court was within its discretion in determining that there was no admissible evidence beyond the former homeowner's affidavit indicating that a $2,088 payment had actually been made. *M.C. Multi-Family Dev.*, 124 Nev. at 913,

---

[3]Although appellant characterizes the nonresponse as a "rejection" of Miles Bauer's offer to pay the superpriority amount, Miles Bauer's own affidavit demonstrates that the HOA's agent did not respond to the August 2012 letter.

193 P.3d at 544; *Clauson*, 103 Nev. at 434-35, 743 P.2d at 633. In any event, it is unclear how any such payment would provide *appellant* with an equity-based argument in support of setting aside the sale. Although appellant suggests that this alleged payment could have been allocated to cure the default as to the superpriority portion of the HOA's lien, the record does not establish that the HOA would have allocated or been obligated to allocate the former homeowner's payment in such a manner.

Finally, appellant contends that this court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), should not be applied retroactively. We rejected that argument in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.         _____, J.
Parraguirre                                   Cadish

cc:   Hon. Joseph Hardy, Jr., District Judge
      Akerman LLP/Las Vegas
      Kim Gilbert Ebron
      Asim Varma
      Fennemore Craig P.C./Reno
      Eighth District Court Clerk