# IN THE SUPREME COURT OF THE STATE OF NEVADA

OMNI FINANCIAL, LLC, A FOREIGN LIMITED LIABILITY COMPANY,
Appellant,
vs.
KAL-MOR-USA, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND FIRST 100, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondents.

No. 82028

FILED

MAR 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting partial summary judgment, certified as final pursuant to NRCP 54(b), in an action to quiet title to real property. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Appellant Omni Financial, LLC, loaned $5 million to respondent First 100, LLC, secured by, among other things, three deeds of trust on real property owned by First 100. After entering into the loan agreement with Omni, First 100 sold nine of the properties to respondent Kal-Mor-USA, LLC (the properties). However, First 100 failed to disclose to Kal-Mor that the properties were encumbered by the deeds of trust in favor of Omni. First 100 defaulted in the payment of the Omni loan. First 100 and Omni sued each other in federal court, eventually leading to a settlement agreement (the Settlement Agreement) and stipulated judgment containing specific terms regarding repayment of the debt owed to Omni. Thereafter, Omni attempted to foreclose on the properties based on the deeds of trust. In response, Kal-Mor filed a complaint against Omni in

22-10046

district court. Kal-Mor also filed a motion for partial summary judgment seeking declaratory relief and quiet title, alleging that the Settlement Agreement constituted a novation of the Omni loan and thereby extinguished Omni's first-priority security interest in the properties. The district court granted Kal-Mor's motion for partial summary judgment, agreeing that the Settlement Agreement functioned as a novation, rendering Omni's security interest in the properties unenforceable.

A district court's decision to grant summary judgment is reviewed de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper if the pleadings and all "other evidence on file demonstrate that no genuine issue" of material fact exists "and that the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotation marks omitted). All evidence "must be viewed in a light most favorable to the nonmoving party." *Id.* To withstand summary judgment, the nonmoving party cannot rely solely on general allegations and conclusions set forth in the pleadings but must instead present specific facts demonstrating the existence of a genuine factual issue supporting its claims.[1] NRCP 56(e); *see also Wood*, 121 Nev. at 731, 121 P.3d at 1030-31.

*Kal-Mor had standing to obtain a judicial declaration*

Omni argues on appeal that Kal-Mor, as a third party to the contract, lacked standing to even challenge the Settlement Agreement. "Standing is a question of law reviewed de novo." *Nationstar Mortg., LLC*

---

[1]We have considered and reject Omni's argument that Kal-Mor's partial summary judgment motion was procedurally improper. The alleged inadmissible statements were adequately supported by evidence in the record. *See Clauson v. Lloyd*, 103 Nev. 432, 434, 743 P.2d 631, 633 (1987) (recognizing that no affidavit is required to support summary judgment if other evidence in the record independently supports the motion).

*v. SFR Invs. Pool 1, LLC*, 133 Nev. 247, 249, 396 P.3d 754, 756 (2017) (internal quotation marks omitted). "To have standing, the party seeking relief [must have] a sufficient interest in the litigation, so as to ensure the litigant will vigorously and effectively present his or her case against an adverse party." *Id.* at 250, 396 P.3d at 756 (alteration in original) (internal quotation marks omitted). "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 318, 302 P.3d 1103, 1106 (2013) (internal quotation marks omitted).

Here, Omni and Kal-Mor both claimed an adverse interest in the properties at issue in this case. Omni claimed that it retained a security interest in the properties under the deeds of trust recorded as collateral for the Omni loan. Kal-Mor asserted that it purchased the subject properties from First 100 without First 100 disclosing the previously existing security interest. In its summary judgment motion, Kal-Mor sought to quiet title and to obtain a judicial declaration that the Settlement Agreement extinguished Omni's interest in the properties.

We conclude that under NRS 40.010, Kal-Mor had standing to bring a quiet title action against Omni to determine whether Omni's adverse security interest in the properties remained in effect after the Settlement Agreement's execution and entry of the stipulated judgment by the federal court approving the same. We also conclude that the district court did not err in finding that Kal-Mor was presumed to have standing

through its attempt to seek clarification of the effect of the Settlement Agreement. *See id.*

*The Settlement Agreement was a novation of the Omni loan*

Omni maintains that the Settlement Agreement did not constitute a novation because First 100 breached the loan agreement prior to the parties entering the Settlement Agreement.[2] A novation, or substituted contract, substitutes a new obligation for an existing one, "which thereby discharges the parties from all of their obligations under the former agreement inasmuch as such obligations are extinguished by the novation." *Lazovich & Lazovich, Inc. v. Harding,* 86 Nev. 434, 437, 470 P.2d 125, 127-28 (1970) (quoting *Williams v. Crusader Disc. Corp.,* 75 Nev. 67, 70, 334 P.2d 843, 845 (1959)). "A novation consists of four elements: (1) there must be an existing valid contract; (2) all parties must agree to a new contract; (3) the new contract must extinguish the old contract; and (4) the new contract must be valid." *United Fire Ins. Co. v. McClelland,* 105 Nev. 504, 508, 780 P.2d 193, 195 (1989). "If all four elements exist, a novation occurred." *Id.* "[T]he party asserting novation has the burden of proving all the essentials of novation by clear and convincing evidence." *Id.* at 509, 780 P.2d at 196.

Although Omni argues that a novation by a new agreement cannot occur where the original contract was invalidated by a breach of the agreement, *see In re Cohen,* 422 B.R. 350, 372 (E.D.N.Y. 2010) (recognizing that under New York law novation cannot occur where the original contract is breached because the breached contract is no longer valid when the

---

[2]First 100 submitted an answering brief in this matter stating that it did not dispute the district court's determination that the Settlement Agreement served as a novation of the Omni loan.

parties enter a new contract), Nevada has no similar controlling authority. Nevada law permits a novation to occur after the breach of the parties' original agreement. *See Williams*, 75 Nev. at 71, 334 P.2d at 846 ("The alteration of the original contract . . . has the legal effect of discharging it by mutual recission, and substitutes therefor a new and different contract."). Omni does not argue that the original loan agreement was invalid *before* First 100 is said to have breached it and, in fact, to breach a contract, the contract first must be valid. *See Richardson v. Jones & Denton*, 1 Nev. 405, 408 (1865) (stating that a breach of contract action requires a plaintiff to prove a valid contract, breach by the defendant, and damages). This court's recent order in *Desert Valley Contracting, Inc. v. In-Lo Properties* is also persuasive in addressing the issue of contract validity. No. 79751, 2021 WL 818191, at *2 (Nev. Mar. 3, 2021) (Order of Reversal and Remand) ("To succeed on a breach of contract claim, the plaintiff must show that . . . a valid contract exists . . . .").

Thus, even though First 100 breached the terms of the Omni loan, both parties entered into the Settlement Agreement that contained new and different terms and changed the date upon which payment of the debt was due, thereby substituting a new contractual obligation. *See Lazovich*, 86 Nev. at 437, 470 P.2d at 127-28 (stating that a novation substitutes a new obligation for an existing one); *Williams*, 75 Nev. at 71, 334 P.2d at 846 ("Where, after breach of contract, . . . the creditor and principal debtor enter into a new contract, [where] the amount of damages . . . due [are] made payable on a future day, . . . upon terms different from . . . the original agreement, such new contract presumptively merges the old." (internal quotation marks omitted)). Accordingly, we conclude that the district court properly determined that Kal-Mor proved

all the essential elements of novation by clear and convincing evidence, and that the Settlement Agreement was thus a novation of the Omni loan.[3]

This conclusion is further evinced by examining the intent of the parties. *See Pink v. Busch*, 100 Nev. 684, 690, 691 P.2d 456, 460 (1984) ("The intent of the parties to cause a novation must be clear." (internal quotation marks omitted)). "Novation is a question of law only when the agreement and consent of the parties are unequivocal." *United Fire*, 105 Nev. at 508, 780 P.2d at 196. "[W]hen a contract is clear, unambiguous, and complete, its terms must be given their plain meaning and the contract must be enforced as written; the court may not admit any other evidence of the parties' intent because the contract expresses their intent." *Ringle v. Bruton*, 120 Nev. 82, 93, 86 P.3d 1032, 1039 (2004). Ascertaining the

---

[3]We have considered and reject Omni's argument that the district court misconstrued the Settlement Agreement as a novation rather than an executory accord. An executory accord is "an agreement that operates as a satisfaction of an antecedent claim only when performed," whereas a substituted contract is "an agreement that operates as an immediate substitution for and extinguishment of an antecedent claim." *Johnson v. Utile*, 86 Nev. 593, 597, 472 P.2d 335, 337 (1970). The combination of certain provisions in the Settlement Agreement immediately discharged First 100 from the terms of the Omni loan and substituted performance under the new and different terms of the Settlement Agreement. For instance, the immediate and unconditional release of both parties from all claims and liabilities associated with the Omni loan, the express limitation of any future claims that a party may bring to only the enforcement of the Settlement Agreement itself and making Omni's only method of recourse a breach of contract under the Settlement Agreement. As such, the Settlement Agreement was not an executory accord.

parties' intent requires the trier of fact to "construe the contract as a whole." *Id.*

Here, the district court determined that the Settlement Agreement's plain language expressly and unambiguously extinguished the deeds of trust and Omni's security interest in the properties. The district court specifically looked at the Settlement Agreement's release language in Section 15 and found that it clearly released and discharged both First 100 and Omni from anything related to First 100's default of the Omni loan, any foreclosure actions commenced by Omni related to the Omni loan, and any other related lawsuits filed. There was no express language in the Settlement Agreement permitting Omni the right to enforce the Omni loan against First 100 after the execution of the Settlement Agreement. The release language was also repeated and clarified in the stipulated judgment entered by the federal court and agreed to by both First 100 and Omni. The federal court stipulated judgment explicitly dismissed all disputes related to Omni's security interest in the deeds of trust for the real properties previously or currently owned by First 100. Additionally, the Settlement Agreement's plain language stated Omni's intent to retain its first-priority security interest only in First 100's *current and future* assets as security for the Settlement Agreement debt, which did not include the properties at issue in this matter because they were not part of First 100's current assets at the time the Settlement Agreement was executed.

Omni does not identify any specific language it deems to be ambiguous or provide any alternate interpretations of any specific language in the Settlement Agreement. Thus, based on the plain and unambiguous language of the Settlement Agreement, we conclude that the district court

properly found that the parties clearly intended to cause a novation.[4]

For these reasons, we conclude that the district court did not err in granting Kal-Mor's motion for partial summary judgment. Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:     Chief Judge, Eighth Judicial District Court
        Howard & Howard Attorneys PLLC
        Shea Larsen
        Maier Gutierrez & Associates
        Eighth District Court Clerk

---

[4]Omni argues it was entitled to additional discovery pursuant to NRCP 56(d) to better ascertain the intent of the parties, and the district court abused its discretion in denying its request. We disagree. The district court's decision was based solely on its interpretation of the Settlement Agreement's language, which it found to be plain and unambiguous. Therefore, it was not an abuse of discretion for the district court not to admit any other extrinsic evidence of the parties' intent. *See Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 669, 262 P.3d 705, 713 (2011) ("The district court's refusal of an NRCP 56[(d)] continuance is reviewed for an abuse of discretion."); *Ringle*, 120 Nev. at 93, 86 P.3d at 1039 (stating that courts must enforce a clear and unambiguous contract as written and "may not admit any other evidence of the parties' intent because the contract expresses their intent"). Moreover, Omni has failed to demonstrate "how discovery might alter the district court's determination." *Sciarratta v. Foremost Ins. Co.*, 137 Nev., Adv. Op. 32, 491 P.3d 7, 13 (2021).