ALLEN S. BIRD, Appellant, *v.* CASA ROYALE WEST, a Limited Partnership, WILL ROBERTS, OLIND JENNI, General Partners CASA ROYALE EAST, a Limited Partnership, WILL ROBERTS, OLIND JENNI, General Partners VENETIAN APARTMENTS, a Limited Partnership, Formerly Known as CAESAR'S APARTMENTS, a Limited Partnership, WILL ROBERTS, OLIND JENNI, General Partners ROMAL VILLAS, a Limited Partnership, Formerly Known as CLEOPATRA APARTMENTS, a Limited Partnership, WILL ROBERTS, OLIND JENNI, General Partners and WILL ROBERTS CORPORATION, a Nevada Corporation, Respondents.

No. 12022

February 25, 1981 624 P.2d 17

---

*Donald W. Haley,* Las Vegas, for Appellant.

*Harding & Zervas,* Las Vegas, for Respondent Will Roberts.

*John Peter Lee,* Las Vegas, for Respondent Olind Jenni.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal, we are required to determine whether the trial court erred in concluding that an absence of genuine issues of material fact justified its granting of summary judgment in favor of respondents-defendants. We hold that it did not and affirm.

Appellant Bird instituted this suit against respondent Casa Royale West, hereinafter referred to as "West," and others seeking specific performance, or alternatively, damages resulting from the alleged breach of a contract between the parties for the sale of certain real property in Clark County. West filed an answer alleging, *inter alia,* that Bird had failed to perform under the contract. Thereafter, West filed a motion for summary judgment, which was opposed by appellant. Without oral argument, the trial court entered an order granting the motion.

West's primary basis for its claim that Bird failed to perform the contract is Bird's failure to deposit $40,000 into escrow as required by the contract. The contract, in relevant part, provides:

> 3. An additional sum of dlrs 40,000.00 will be deposited by buyer into escrow upon his approval of premises and records, not later than November 8th, 1976, at 6:00 p.m. The total sum of dlrs 60,000.00 deposited by buyer to be applied dlrs 15,000.00 for each of the 4 escrows.
>
> . . . .
>
> 6. . . . buyer will submit proposed contract forms and buyers financial statements to seller not later than November 8, 1976 for sellers review. Transactions are subject to both parties agreeing on and approving the contract forms not later than November 15, 1976.

Pursuant to the contract, Bird submitted his November 8, 1976 check in the sum of $40,000.00 to Title Insurance. On November 14, 1976, Bird and respondent, Olind Jenni, General Partner with West, entered into a written supplemental agreement which provided in part: "the approval of contract of sale by both parties is hereby extended until 6:00 p.m. November 20, 1976.

Thereafter, on November 20, 1976, in a letter from Title Insurance, respondent, Will Roberts, was informed that the check for $40,000.00 had been returned unpaid. At no time during the course of negotiations or during the continuation of the escrow did West or any one in its behalf receive from appellant the financial statements or contract forms required to consummate the transaction. In February 1977, Bird successfully demanded the return of an initial $20,000.00 that had been deposited in escrow.

Pursuant to NRCP 56(c), summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions and affidavits on file, show that there exists no genuine issue as to any material fact, and that the moving party is

entitled to judgment as a matter of law. Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1965). NRCP 56(e)[1] provides in part that when a motion for summary judgment is made and supported as required by NRCP 56, the adverse party may not rest upon the "mere allegations of his pleading, but must, by affidavit or otherwise, set forth facts demonstrating the existence of a genuine issue for trial." Garvey v. Clark County, 91 Nev. 127, 130, 532 P.2d 269, 271 (1978); Adamson v. Bowker, 85 Nev. 115, 118-20, 450 P.2d 796, 799-800 (1969). Appellant's affidavit stated, *inter\ alia* that

> 3. At all times affiant was and is ready, willing and able to close the transaction which is the subject of this suit.
> 4. The $40,000.00 check for part of the down payment was never honored because affiant was advised by Defendant's accountant that Defendant did not intend to honor the contract between the parties and close the sale as required thereby. . . .

Citing Kahle v. Kostiner, 85 Nev. 355, 358, 455 P.2d 42, 44 (1969), appellant asserts that allegation 4 above manifests a "definite unequivocal and absolute intent not to perform a substantial portion of the contract" and that this is an anticipatory repudiation of the contract. Therefore, under *Kahle,* where there is such a repudiation, the purchaser's failure to tender performance is excused, and the purchaser may assert his claim of entitlement to specific performance in a subsequent legal action.

Even assuming the accountant did have the authority to repudiate, the appellant's affidavit, in our view, does not meet the personal knowledge and specificity requirements of NRCP

---

[1]NRCP 56(e) provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate shall be entered against him.

56. We have held that specific facts, rather than general allegations and conclusions, presenting a genuine issue of material fact must be shown to preclude summary judgment. Adamson v. Bowker, 85 Nev. at 118-20, 450 P.2d at 800-801. Appellant's bald assertion that the "Defendant did not intend to honor the contract" absent any specific facts, such as the identity of the accountant, information as to whether one or all of the four escrows would not be honored, corroboration from the principal, return of any deeds, documentation, or any other manifestation of a "definite, unequivocal and absolute intent" does not give rise to a material issue of fact concerning an anticipatory repudiation.

Moreover, the fact that Bird had stopped payment on the check prior to the November 20th approval date when viewed with the absence of any forfeiture, the return of the initial deposit and the fact that these parties had continually been modifying the contract, are consistent with a theory of mutual rescission, *see* Herring-Hall-Marvin Safe Co. v. Balliot, 38 Nev. 164, 145 P. 941 (1918), or failure of the conditions of required approval by either or both parties. *See* Sala v. Ruthe Realty, Inc. v. Campbell, 89 Nev. 483, 515 P.2d 394 (1973).[2]

We affirm the trial court's order granting summary judgment in favor of respondent.

GUNDERSON, C. J., and BATJER and MOWBRAY, JJ., and GRIFFIN, D. J.,[3] concur.

---

[2]We need not consider respondents' other contention that the trial court inappropriately considered appellant's belatedly filed countervailing affidavit. *See* NRCP 56(e) and EDCR 2.3(b).

[3]The Governor designated The Honorable Michael R. Griffin, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.