ROBERT R. SHAPRO AND PAULINE C. SHAPRO, APPELLANTS, v. JAMES FORSYTHE, M.D., EARLENE FORSYTHE, MERLE BRUCE, M.D., AND JOY BRUCE, RESPONDENTS.

No. 18151

December 31, 1987            747 P.2d 241

*Ohlson & Edmiston,* Reno, for Appellants.

*Echeverria, Osborne & Jenkins,* and *Cathy Bradford,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment. Because we conclude that genuine issues of fact remain for trial, we reverse.

Appellants Robert and Pauline Shapro filed a complaint in the district court stating four causes of action against respondents. In the complaint, appellants alleged that Robert Shapro, James Forsythe, Merle Bruce and their wives had formed a partnership in 1986 for the purpose of operating a medical laboratory. Each couple had contributed $20,000 to the partnership as initial capital. Robert Shapro had performed services over a three-month-period for which he had been paid $15,000. Thereafter, the respondents determined that Robert had been overpaid, and

"forced" Robert to sign a promissory note in the principal amount of $3,000. Appellants alleged that (1) respondents had wrongfully dissolved the partnership and had converted the partnership capital to themselves; (2) appellants were wrongfully forced to sign a promissory note; (3) respondents had breached their fiduciary duties to appellants by diverting and withholding appellants' investment; and (4) respondents had intentionally interfered with appellants' prospective economic advantage by continuing to use the laboratory facilities after the partnership had dissolved. Appellants sought a decree from the district court winding up the affairs of the partnership, general and punitive damages and costs and attorney's fees.

Rather than answering the complaint, respondents moved for summary judgment. Respondents contended that a release executed by Robert Shapro, which appellants had not disclosed to the district court, released respondents from all claims, known or unknown, which appellants had against respondents relating to the proposed creation of a medical laboratory by the parties, Specifically, the release stated in part:

> 3. *Work Product.* Any work product, operating plan, contract rights, options, business leases, or the like, which may have been generated by Shapro during the foregoing period shall be held by him for the benefit of the proposed Vista Medical Laboratory, to be the property of Shapro, Forsythe, and Bruce pursuant to future agreements among them.
> 4. *Release.* Shapro does hereby release Forsythe and Bruce from any and all claims, known or unknown, which he has or may have, and which in any way relates [sic] to the actions of Shapro, Forsythe, and/or Bruce, related to the conception and creation of the proposed medical laboratory and/or any discussions the parties may have had among themselves regarding contracts relating to the ownership and operation of said laboratory.

Respondents specifically argued that all of appellants' causes of action arose directly out of the parties' negotiations to form the proposed medical laboratory. Thus, respondents maintained that, pursuant to the release, they were entitled to judgment as a matter of law.

In opposition to the motion for summary judgment, appellants contended that the release was invalid because (1) it was ambiguous on its face because it referred to possible future agreements between the parties, thus leading Robert Shapro to believe that the partnership would not be dissolved; (2) it was executed under duress and was induced by false promises that the partnership would continue to pursue the organization of the medical labora-

tory; and (3) it was not supported by any consideration. In an affidavit in opposition to respondents' motion for summary judgment, Robert Shapro asserted that Joy Bruce pressured him into signing the release by threatening to call the entire deal off if he refused to sign. Robert Shapro also stated that leasing agents were pressuring him to execute lease agreements on behalf of the partnership, or they would lease the premises to another company. Further, Shapro alleged that he received assurances from James Forsythe that the partnership would continue if Shapro signed the release. Shapro swore that he did not understand the document he signed.

In reply, respondents argued that the release was not ambiguous, but clearly released respondents from all liability by its express terms. Respondents also argued that appellant's assertions that he was pressured into signing the release did not constitute duress sufficient to invalidate the release as a matter of law. Respondents also contended that the release had been supported by adequate consideration because respondents orally promised not to pursue various claims for fraud, misrepresentation and general incompetence which they believed they could assert against appellants. Relying on these arguments, the district court granted respondents' motion for summary judgment.

Summary judgment is appropriate only where no genuine issue of fact remains for trial and one party is entitled to judgment as a matter of law. NRCP 56(c); see Zuni Constr. Co. v. Great Am. Ins. Co., 86 Nev. 364, 468 P.2d 980 (1970). Further, it is well established that a litigant has the right to a trial where the slightest doubt as to the facts exists. Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981). In addition, in deciding whether summary judgment is appropriate, the evidence must be viewed in the light most favorable to the party against whom summary judgment is sought, and the factual allegations of that party must be presumed correct. See Oak Grove Inv. v. Bell & Gossett Co., 99 Nev. 616, 668 P.2d 1075 (1983). Finally, the burden of establishing the non-existence of any genuine issue of fact is on the party moving for summary judgment. Hoffmeister Cabinets of Nev. v. Bivins, 87 Nev. 282, 486 P.2d 57 (1971).

Appellants' sole contention on appeal is that the district court erred in granting respondents' motion for summary judgment based on the release signed by Robert Shapro, because genuine issues of fact remain regarding the validity of release. We agree. Although appellants' pleadings in the district court are not a model of clarity, we believe they sufficiently raise issues of fact which should not have been determined in an order of summary judgment. Specifically, appellants have alleged the existence of a business relationship which respondents have allegedly wrongfully manipulated to the extreme detriment of appellants. Appel-

lants allege that the release agreement was not intended to preclude appellants from seeking a proper winding-up of the alleged partnership, that it was not supported by consideration, and was induced by coercion and false promises. We conclude, therefore, that genuine issues remain for trial regarding the validity of the release and appellants' right to seek to wind up the affairs of the partnership. Accordingly, we reverse the summary judgment entered by the district court, and we remand this matter for further proceedings.