ROGER E. HILDAHL, Appellant, *v.* J. RICHARD BARNARD, Respondent.

No. 20153

May 16, 1990                                          792 P.2d 33

*Edward B. Horn,* Reno; *Mark H. Gunderson,* Reno, for Appellant.

*Woodburn, Wedge* and *Jeppson,* and *Shawn B. Meador,* Reno, for Respondent.

# OPINION

*Per Curiam:*

In the action below, the district court granted respondent's motion for summary judgment. Because we find that genuine issues of fact still exist, we reverse.

## THE FACTS

Appellant, Roger E. Hildahl, and respondent, Jay Richard Barnard, are certified public accountants who were partners in an accounting practice. The partners had an agreement that if either received an investment opportunity, it would be made available to the other. In the fall of 1978, Raymond C. Avansino told Hildahl that he wanted to fractionalize his investment in certain oil and gas properties (the West Birch Prospect) in British Columbia, Canada. The investment was in the name of the R.C. Avansino Trust, with Avansino as trustee. Hildahl told Barnard about the opportunity and both men agreed to make a joint investment. Each agreed to pay one-half the cost and receive one-half the profits.

Though Hildahl and Barnard contributed equally to their initial investment of $12,500.00, the November 9, 1978 Trust and Indemnity Agreement only names Hildahl as an owner of the West Birch Prospect. The parties disagree how title to the investment was to be held. Hildahl maintains that he and Barnard agreed Hildahl would be named as sole beneficiary of the investment, but would hold the investment equally for both. Barnard denies such an agreement existed and contends that his interest in the investment should have been reflected in the Trust and Indemnity Agreement. Barnard further asserts that he asked Hildahl on at least two occasions to have his half of the investment placed in his own name. This was not done to Barnard's satisfaction. By January of 1982, Hildahl and Barnard had each invested $25,432.62, as a result, each owned an approximate 5 percent interest in the West Birch Prospect.

In June of 1981, Hildahl and Barnard decided to end their accounting partnership. In December of 1981, the R.C. Avansino Trust was also dissolved and the parties' interests in the West Birch Prospect was transferred to Zephyr Resources, Ltd. (Zephyr). In a letter dated May 12, 1982, Hildahl notified Zephyr's president of Barnard's ownership interest and requested that Zephyr execute the appropriate documents to reflect that interest. It is unclear if these changes were made. In addition, it is unclear whether and to what extent Barnard's investment was subsequently transferred to Pacific Continental, Inc., and then to Pacific Lutheran University.

On December 4, 1985, Barnard filed suit against Hildahl alleging conversion, breach of contract, fraud, misrepresentation, breach of fiduciary duty, failure to account, and requesting an award of punitive damages. Hildahl subsequently moved for summary judgment as to liability and damages, admitting that Barnard owned one-half of their investment in the West Birch Prospect and was entitled to $4,500.00 in dividends. The district court granted summary judgment as to liability and later ruled that Hildahl converted Barnard's entire interest in the West Birch Prospect on December 31, 1982. The district court awarded Barnard $92,314.00 in damages, plus interest, finding that this was the value of Barnard's investment on the date of conversion. Apparently, the district court used the same figure that Hildahl used when he took a 1982 tax deduction of $92,314.00 for donating his half of the investment to Pacific Lutheran University in December of 1982. Hildahl based the value of his half on the investment on two expert reports that were completed on October 26, 1981, and March 15, 1982. Hildahl's subsequent motion to alter or amend the judgment was denied.

## DISCUSSION

Summary judgment is appropriate when the moving party proves that there is no genuine issue of material fact and that summary judgment is warranted as a matter of law. NRCP 56(c); Wiltise v. Baby Grand Corp., 105 Nev. 291, 774 P.2d 432, 433 (1989) (citation omitted); Shapro v. Forsythe, 103 Nev. 666, 668, 747 P.2d 241, 243 (1987).

In the instant case, we hold that summary judgment was improperly granted. Issues of fact exist as to the conversion, transfers and value of Barnard's investment in the West Birch Prospect. Accordingly, Barnard is not entitled to judgment as a matter of law.

Therefore, we reverse the summary judgment and remand the case to the district court for further proceedings.[1]

---

[1]THE HONORABLE CLIFF YOUNG, Chief Justice, voluntarily recused himself from participation in the decision of this appeal.