DEWITT C. MAINE AND GAYLE J. MAINE, AND MAINE INCORPORATED, APPELLANTS, *v.* MICHAEL B. STEWART, RESPONDENT.

No. 23430

DEWITT C. MAINE AND GAYLE J. MAINE, AND MAINE INCORPORATED, APPELLANTS, *v.* MICHAEL B. STEWART, RESPONDENT.

No. 23556

July 29, 1993                                             857 P.2d 755

[Rehearing denied February 3, 1994]

*Steve E. Wenzel,* Reno, for Appellants.

*Petersen & Petersen,* Reno, for Respondent.

## OPINION

*Per Curiam:*

These consolidated appeals involve various claims which stem

from a partnership dissolution agreement. Partial summary judgment was entered as to two of appellants' claims and a third claim was dismissed pursuant to the district court's pretrial determination of issues of law. We conclude that genuine issues of material fact remain which preclude a summary disposition of appellants' claims. In view of our conclusion regarding summary judgment and its potential impact on the issues which were decided by the district court and the jury, we of necessity also reverse the pretrial determination of issues of law and vacate the jury verdict and award of attorney's fees and costs, and remand for a new trial on the merits.

## FACTS

Appellant Dewitt Maine was the limited partner in a partnership known as "M–S Company, a Limited Partnership." Respondent Michael B. Stewart was the general partner. Disharmony eventuated and Dewitt filed an action for dissolution of the partnership, for the appointment of a receiver and for an accounting. Dewitt alleged that Michael misappropriated partnership assets and engaged in self-dealing to the detriment of the partnership. Settlement negotiations ensued culminating in an agreement to dissolve the partnership without litigation. The agreement was memorialized in a document entitled "Agreement of Dissolution of M–S Company, a Nevada Limited Partnership and Mutual Release of All Claims."

Among other things, the agreement provided for the allocation of the two businesses owned by the partnership, the Sunrise Feed Lot, an operation which boarded beef and dairy cattle, and Lyon County Farm Supply, Inc. ("Farm Supply"), a retail agricultural supply company. Michael received the partnership's ownership interest and the liabilities of Farm Supply; Dewitt received the assets and liabilities of Sunrise Feed Lot, minus the "seed" cattle housed at the feed lot which were allocated to Michael.

The partnership's other assets and obligations were allocated between Dewitt and Michael in accordance with schedules appended to the agreement. Significantly, Michael represented and warranted that the schedules contained "a complete and accurate listing of each and all of the assets, debts and obligations of the limited partnership as of the date of execution of this agreement." The agreement provided that Michael's "absolute obligation of full disclosure" existed notwithstanding the Maines' retention of an accountant to conduct an independent review of the partnership books and records.

The dissolution agreement contained a "mutual release" clause under which each party agreed to release the other from all

claims which the parties had from the "beginning of time" to the close of escrow. The agreement was signed in April, 1987, but it specified that the ending date for accounting purposes would be March 31, 1987. Escrow closed on October 16, 1987, and, in accordance with the agreement, Dewitt stipulated to the dismissal of the dissolution action with prejudice.

Rather than bringing finality to the litigation between the partners, the dissolution agreement spawned three more lawsuits. The first action was filed by Donald Steneri, a creditor of Sunrise Feed Lot, for the cost of goods sold to that entity in early April, 1987—after the ending date specified in the agreement but before Dewitt actually assumed operations of the feed lot. Dewitt and Michael denied responsibility for the debt, thus precipitating cross-claims, counterclaims and third-party complaints between and among Michael, Dewitt and his wife, appellant Gayle Maine, and appellant Maine, Inc. (collectively "the Maines"), for indemnification.

Michael instigated the second action against the Maines for accrued payroll taxes, an obligation which Dewitt had agreed to assume in the dissolution agreement. The Maines responded with a counterclaim which eventually contained nine claims for relief. The eighth and ninth claims alleged that Michael had misrepresented the extent of the partnership's obligations with the intent to defraud the Maines. Specifically, the Maines alleged that the $175,000 indebtedness to the Farmers Home Administration ("FHA") which Dewitt agreed to assume had been disclosed as a partnership obligation in the agreement when in fact it was Michael's personal debt. Michael denied liability and asserted the mutual release clause and res judicata as affirmative defenses to the eighth and ninth claims.

The third action was filed by Gayle and Dewitt against Farm Supply, whose stock was solely owned by Michael. The complaint alleged that Farm Supply had converted approximately $200,000 which it had received from the sale of crops belonging to the Maines by virtue of an assignment executed by Farm Supply in September, 1986. In response, Farm Supply asserted that the assignment had been extinguished by the mutual release contained in the dissolution agreement. The three cases were consolidated for trial.

Approximately one month before trial, Michael moved for partial summary judgment regarding the Maines' eighth and ninth claims. Michael contended that the mutual release clause barred "any claims based upon allegations of conduct prior to the close of escrow, October 16, 1987." Michael also asserted that the Maines' eighth and ninth claims were barred by the doctrine of

res judicata because they were "allegations of self-dealing" which were raised or could have been raised in the dissolution action. In support of his motion, Michael quoted from the dissolution agreement's mutual release provisions and attached copies of the 1987 complaint and the stipulation for dismissal of that action. No other supporting documentation was included.

In opposition to the motion for partial summary judgment, the Maines argued that the release and the res judicata argument were improper bases for entering summary judgment because their counterclaim raised issues of fraud in the inducement of the dissolution agreement. In support of their opposition, the Maines attached a copy of the dissolution agreement and the affidavit of Ronald Simpkins, a certified public accountant. Simpkins attested that the information upon which he relied in conducting his audit of the partnership was provided by Michael or his representatives. The Maines subsequently submitted the affidavit of their counsel, Milos Terzich, which essentially described his review of the documentation produced during discovery and which, in his opinion, supported the Maines' allegations of fraud. Unfortunately, none of the documents to which Mr. Terzich referred were appended to his affidavit.

The district court granted summary judgment against the Maines on their eighth and ninth claims. The district court ruled that the Maines had failed to present evidence sufficient to create an issue of material fact and that the mutual release clause and res judicata barred the Maines' eighth and ninth claims.

The Maines immediately moved for reconsideration. Appended to their motion was a copy of an affidavit previously submitted by Gayle Maines in connection with a motion to amend their counterclaim. Unfortunately, Gayle's affidavit also referred to documents she believed demonstrated defalcations by Michael but no documents accompanied the affidavit. The district court denied the Maines' motion for reconsideration and ordered Terzich's and Gayle's affidavits stricken as untimely and/or inadmissible under NRCP 56(e).

Before the commencement of trial, the district court, upon Michael's motion, determined several issues as a matter of law concerning various provisions in the dissolution agreement. The court thus determined that the dissolution agreement unambiguously provided that Dewitt was responsible for the $175,000 FHA obligation and that the Maines had released all claims between the parties, particularly their claim against Farm Supply based upon the September 1986 assignment. Because the 1986 assignment provided the basis for the Maines' action against Farm Supply, the latter determination resulted in the dismissal of that action with prejudice.

The remaining claims proceeded to trial and the jury returned a verdict primarily favoring Michael. Michael recovered the net sum of $12,561 on his claims, plus costs of approximately $4,000. Both parties moved for attorney's fees pursuant to the dissolution agreement. The district court determined that Michael was the prevailing party and awarded him attorney's fees in the amount of $95,790.

The Maines separately appealed the orders granting Michael's motions for partial summary judgment and pretrial determination of issues of law and the award of attorney's fees. In this consolidated appeal, the Maines contend that the district court erroneously granted partial summary judgment because there were genuine issues of fact and the doctrine of res judicata was inapplicable. The Maines also seek reversal of the pretrial determination of issues of law and the award of attorney's fees.

## DISCUSSION

Summary judgment is only authorized when the record, viewed in a light most favorable to the non-moving party, demonstrates no genuine issue of material fact and it is determined that the moving party is entitled to judgment as a matter of law. Caughlin Ranch Homeowners Ass'n v. Caughlin Club, 109 Nev. 264, 266, 849 P.2d 310, 311 (1993). "On appeal, this court reviews the record in part to evaluate the finding by the district court that there are no genuine issues of material fact. Since we review the entire record anew and without deference to the findings of the district court, in that sense our review is *de novo*." *Id.*

The Maines argue that the district court erred in ruling that the allegations contained in their eighth and ninth claims were not sufficient to create a genuine issue of material fact. They maintain that Michael's failure to establish the nonexistence of the genuine issues of material fact, i.e., the absence of fraud, relieved them of their duty to present evidence of fraud. The Maines further contend that neither the mutual release nor the doctrine of res judicata were proper bases for granting summary judgment on the eighth and ninth claims.

It is unnecessary for us to address whether the mutual release clause and res judicata support the entry of summary judgment as to the Maines' eighth and ninth claims. We need only examine Michael's motion under NRCP 56 to determine whether the Maines had a duty to respond. We conclude that they did not.

The burden of proving the nonexistence of a genuine issue of

material fact is on the moving party. Shapro v. Forsythe, 103 Nev. 666, 668, 747 P.2d 241, 243 (1987). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clauson v. Lloyd, 103 Nev. 432, 435 n.3, 743 P.2d 631, 633 n.3 (1987) (quoting Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party satisfies its burden and the motion for summary judgment is supported as required by NRCP 56, "the adverse party may not rest upon the 'mere allegations of his pleading, but must, by affidavit or otherwise, set forth facts demonstrating the existence of a genuine issue for trial.'" Bird v. Casa Royale West, 97 Nev. 67, 70, 624 P.2d 17, 19 (1981) (quoting Garvey v. Clark County, 91 Nev. 127, 130, 532 P.2d 269, 271 (1978)). Otherwise, the opposing party has no duty to respond on the merits and summary judgment may not be entered against him. Clauson, 103 Nev. at 435, 743 P.2d at 633.

The Maines' eighth and ninth claims raise issues of fraud and misrepresentation by Michael in connection with the dissolution agreement. As factual support for these claims, the Maines set forth specific acts of misfeasance by Michael which allegedly occurred throughout the life of the partnership but which were revealed only during the course of discovery in the underlying actions. Based upon the newly discovered information, the Maines alleged that Michael had intentionally misrepresented in the dissolution agreement that indebtedness belonged to the partnership when, in fact, it belonged to Michael.

Thus, in order to prevail on his motion Michael was required to demonstrate the absence or the conclusive falsity of evidence supporting the Maines' fraud claims. See Celotex, 477 U.S. at 325. It was incumbent upon Michael to establish from the record, affidavits, or other evidence, the absence or conclusive falsity of the Maines' claims of fraud or misrepresentation. Although Michael was not required to submit affidavits in support of his motion for partial summary judgment, he was required to provide "other indicia" of the nonexistence of fraud. See Clauson, 103 Nev. at 434, 743 P.2d at 633.

Michael's motion, however, did not purport to address the

fraud allegations, much less attempt to establish the absence of fraud or misrepresentation. Michael argues that he did not have the burden of negating the existence of the Maines' fraud claim. He maintains that since he placed before the trial court the mutual releases which discharged all claims between him and Dewitt and because the Maines had the burden of proving fraud at trial, the Maines were required to present proof of fraud in order to defeat his motion for partial summary judgment. We are unpersuaded. Michael's contentions are premised upon his erroneous characterization of Dewitt's eighth and ninth claims as allegations of self-dealing during the life of the partnership. Michael apparently fails to recognize that the Maines' claims allege misrepresentation and fraud in the inducement of the dissolution agreement, and merely refer to specific acts of Michael's alleged defalcations to support those claims.

We conclude that Michael did not meet his burden under NRCP 56(e) and, therefore, the burden of production never shifted to the Maines. *See Celotex,* 477 U.S. at 330 (Brennan, J., dissenting). Stated differently, since Michael did not demonstrate the absence of fraud, the Maines were under no obligation to produce evidence of fraud. Their factual allegations of fraud must be presumed to be correct. *See Shapro,* 103 Nev. at 668, 747 P.2d at 243.

Because genuine issues of material fact remain concerning the existence of fraud in the inducement of the dissolution agreement, we reverse the partial summary judgment entered by the district court.

Our conclusion also necessitates reversing the district court's order determining issues of law. Additionally, although the Maines did not challenge the jury's findings, we are compelled to vacate the jury verdict. Both the pretrial determination of legal issues and the jury's findings were predicated upon the assumption that the dissolution agreement was valid. A trial on the Maines' fraud claims, however, may render the dissolution agreement void or voidable, thus undermining the foundation upon which the verdict and the district court's judgment pursuant to the verdict rest. In our view, the interest of justice will best be served by having all claims decided by a fact-finder whose deliberations include determining whether the agreement from which all the claims flow is infected by fraud.

In light of our disposition of these consolidated appeals, it is evident that Michael can no longer be deemed the prevailing party. Therefore, the award of attorney's fees and costs to Michael must also be vacated.

Finally, we have considered the issues raised by Michael's motion to strike and for sanctions filed with this court shortly

before oral argument was scheduled. In light of this opinion, Michael's motion need not be addressed, and is denied.

## CONCLUSION

For the reasons discussed above, we reverse the entry of partial summary judgment and the district court's pretrial order determining issues of law and vacate the jury verdict. In view of our disposition of these consolidated appeals, vacatur of the awards of attorney's fees and costs is also mandated. This matter is remanded to the district court for a new trial.