*1034
 
 OPINION
 

 Per Curiam:
 

 Appellant Kenneth James Billingsley filed an action for negligence and various intentional torts against respondent Stockmen’s Hotel, Inc. after a Stockmen’s security guard, respondent Paul Norman Anderson, physically escorted Billingsley off Stockmen’s premises. Prior to trial, Stockmen’s filed a motion for summary judgment, which the district court granted. On appeal, Billingsley contends that the district court erred in granting summary judgment. We partially agree, and therefore reverse in part and affirm in part.
 

 FACTS
 

 During the evening of February 2, 1991, Billingsley allegedly consumed three alcoholic beverages, milled around Stockmen’s with his wife, and went downstairs to Stockmen’s empty showroom. Billingsley sat down at a table and fell asleep with his upper body hunched over the table. He has no further recollection
 
 *1035
 
 of the evening, except for two occasions: (1) standing outside of Stockmen’s observing a police car approach with flashing lights (he was arrested that evening); and (2) awakening at the Elko hospital and noticing his fractured right foot. Thus, the facts regarding the incident are derived solely from the statements and admissions of Stockmen’s security personnel.
 

 Michael Faulkner, a Stockmen’s security officer, first noticed Billingsley slumped over a showroom table. After unsuccessfully attempting to wake Billingsley by shaking him, Faulkner called for the assistance of co-employee Anderson, who also worked in security. The officers sat Billingsley up and spoke to him until he awakened. Anderson indicated that his objective thereafter was to get Billingsley out of the showroom. Anderson nevertheless expressed uncertainty as to whether, at this time, he told Billingsley that he would have to leave the showroom or that he would have to leave the casino.
 

 As the three men were exiting the showroom, Billingsley stopped and turned around. Faulkner informed Billingsley that “he had been asked to leave the casino,” and therefore, was required to leave. Billingsley appeared to be leaving voluntarily as he followed Anderson to the casino’s Fourth Street exit. As Billingsley approached the door, he turned and walked up to Anderson, pointed his finger at the officer, and began making “loud and belligerent comments.” At this time, Anderson told Billingsley, “That’s real good, sir. Sir, I’m going to have to ask you to leave the casino,” and pointed towards the Fourth Street door. Billingsley continued to act belligerently and requested to go out another door. Anderson said that would be fine and that he would escort him to the other door.
 

 When Billingsley insisted that he not be escorted, Anderson purportedly told Billingsley that he was going to place him under citizen’s arrest for trespassing. Anderson grabbed Billingsley’s elbow in order to physically guide Billingsley out the door, but Billingsley told Anderson, “You’re making a big mistake,” and grabbed the lapels of Anderson’s sports coat. In response, Anderson grabbed Billingsley’s lapels and began to walk him backwards towards the door. At this time, Billingsley allegedly lost his balance and tripped and fell, causing Anderson to fall on top of him.
 

 At a preliminary hearing, Anderson described the scenario as follows:
 

 And as we went — he went through the doors, he had lost his balance, so I just kind of kept the momentum I had to my advantage. I kept him going over to the wall. He went over to the wall. I pushed him down. He hit the wall, his back. I just went on down with him and pushed him down and I
 
 *1036
 
 grabbed the right side of his shirt, and just put my wrist against his neck to control his breathing to take the fight out of him.
 

 ... I brought my left foot up to one of his feet to use it as a break [sic] in case he tried to, you know get on his feet.
 

 Faulkner testified that Anderson never put Billingsley up against the wall; instead, he said that “Mr. Anderson had ahold of him, took him right out the double doors, put him right on the floor and had ahold of him with one hand, and had ahold of him on the floor.”
 

 Stockmen’s then summoned the Elko police. Upon arrival, an Elko police officer observed that Billingsley was very intoxicated. The officer also noticed that Billingsley had injured his right ankle. The police drove Billingsley to Elko General Hospital, where it was determined that he had fractured his right ankle. No other injuries were observed. At this time, Billingsley refused treatment.
 

 On June 14, 1993, Billingsley filed a complaint against Stockmen’s for negligence, assault and battery, false arrest, false imprisonment, and defamation.
 
 [1]
 
 Ten months later, Stockmen’s filed a motion for summary judgment on grounds that Billingsley was a trespasser and that its employees could use force to evict him; therefore, Billingsley’s claim for intentional assault and battery was not actionable.
 

 As to the negligence claim, Stockmen’s maintained that as a proprietor, it had no duty towards Billingsley, an alleged trespasser, other than to avoid causing willful or wanton injury to him. Because there was no evidence that Stockmen’s employees willfully or wantonly injured Billingsley, Stockmen’s contended that there was an absence of a genuine issue of material fact regarding the claim for negligence. Stockmen’s also asserted that Billingsley, who could not remember anything, could not prove that he was restrained without justification; therefore, his claims for false arrest and false imprisonment were not actionable.
 

 Finally, concerning the claim for defamation, Stockmen’s insisted that Anderson told the police about Billingsley’s misconduct in good faith.
 

 The district court concluded that Stockmen’s had demonstrated its right to summary relief, and entered judgment accordingly. Billingsley appeals.
 

 DISCUSSION
 

 “Summary judgment is only authorized when the record,
 
 *1037
 
 viewed in a light most favorable to the non-moving party, demonstrates no genuine issue of material fact and it is determined that the moving party is entitled to judgment as a matter of law.” Maine v. Stewart, 109 Nev. 721, 726, 857 P.2d 755, 758 (1993). Moreover, we have also noted that:
 

 On appeal, this court reviews the record in part to evaluate the finding by the district court that there are no genuine issues of material fact. Since we review the entire record anew and without deference to the findings of the district court, in that sense our review is
 
 de novo.
 

 Caughlin Ranch Homeowners Ass’n v. Caughlin Club, 109 Nev. 264, 266, 849 P.2d 310, 311 (1993).
 

 Stockmen’s contended in support of its motion for summary relief that, as a proprietor, the only affirmative duty it owed to Billingsley as a trespasser was to refrain from willfully and wantonly injuring him. We disagree. Proprietors, like all other persons, have an obligation to act reasonably towards other persons. Moody v. Manny, 110 Nev. 320, 333, 871 P.2d 935, 943 (1994). In
 
 Moody,
 
 this court expressly disapproved of status as a dispositive factor in determining whether an actor has been negligent.
 
 Id.
 
 In determining whether a land owner or occupier has acted reasonably, a court may consider circumstantial factors, including the fact that the plaintiff has been asked to leave and unjustifiably refuses. However, the overriding factor is whether the land owner or occupier has acted reasonably toward the plaintiff under the circumstances.
 
 Id.
 

 We conclude that the trial court erroneously granted summary judgment against Billingsley on his negligence claim. This court has previously stated:
 

 “[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the ‘pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,’ which it believes demonstrate the absence of a genuine issue of material fact.”
 

 Clauson v. Lloyd, 103 Nev. 432, 435 n.3, 743 P.2d 631, 633 (1987) (quoting Celotex Corp. v. Cartrett, 477 U.S. 317 (1986));
 
 see
 
 NRCP 56. Stockmen’s never argued or pointed to any facts in support of its motion for summary judgment which proved that its security personnel acted reasonably. Instead, Stockmen’s relied upon the erroneous legal proposition that its only obligation towards Billingsley was to refrain from wilfully and wantonly
 
 *1038
 
 injuring him. Stockmen’s therefore failed to sustain its burden of proof, and the district court erred in finding that Stockmen’s had acted reasonably even though Stockmen’s never addressed the issue.
 

 In addition, we disagree with the district court’s conclusion that no genuine issues of material fact could be raised by Billingsley because of his loss of memory. Although he had no recollection of the events in question, Billingsley detailed in his opposition to the motion statements by the security officers which raised questions of material fact relating to the reasonableness of their conduct. For example, Anderson admitted to grabbing Billingsley’s lapels and walking him out the door backwards. Additionally, when Billingsley stumbled, Anderson used a type of choke hold to “take the fight” out of him. We conclude that these admissions create genuine issues of material fact as to the reasonableness of Anderson’s conduct that ought to be determined by a jury.
 
 See
 
 Shepard v. Harrison, 100 Nev. 178, 180, 678 P.2d 670, 672 (1984). Accordingly, we reverse the district court’s decision and remand to the district court for trial on Billingsley’s negligence claim.
 

 For the same reasons involving the reasonableness of Anderson’s conduct, we also reverse the district court’s order of summary judgment concerning the claims relating to assault and battery. NRS 651.020 provides: “Every owner or keeper of any hotel ... in this state shall have the right to evict from such premises anyone who acts in a disorderly manner , . . or who causes a public disturbance in or upon such premises.” A proprietor is permitted to use reasonable force to eject a trespasser.
 
 See
 
 Walker v. Burkham, 67 Nev. 541, 570-74, 222 P.2d 205, 220-21 (1950).
 

 Because Billingsley was asked to leave and refused to do so, the district court accurately characterized Billingsley as a trespasser. Moreover, no law prohibits Stockmen’s from escorting belligerent persons from its premises. Nevertheless, given the physical injury to Billingsley, there remains a genuine issue of material fact as to whether the force applied in ejecting him was reasonable. “[I]f the force . . . was more than sufficient to prevent the trespass or more than would appear necessary under the circumstances to a reasonable man, the use of such excessive force would be unlawful.”
 
 Walker,
 
 67 Nev. at 574, 222 P.2d at 224.
 

 The district court appropriately granted summary judgment on
 
 *1039
 
 Billingsley’s claims for false arrest, false imprisonment, and defamation. Billingsley failed to prove by affidavit or otherwise the existence of a genuine issue of material fact relating to these issues, and respondents were therefore entitled to judgment as a matter of law.
 
 See
 
 Bird v. Casa Royale West, 97 Nev. 67, 70, 624 P.2d 17, 19 (1981); NRCP 56(e).
 

 Other arguments raised but not discussed have been determined to be without merit and need not be addressed.
 

 CONCLUSION
 

 For the reasons stated, we reverse that part of the district court’s order of summary judgment that relates to Billingsley’s claims of negligence and assault and battery and remand those claims to the district court for trial, but otherwise affirm the summary judgment in all other respects.
 

 [1]
 

 The defamation claim arose because Stockmen’s security personnel told police that Billingsley was acting belligerently and that they had placed him under citizen’s arrest.