An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JENET MRAZ, AN INDIVIDUAL,
Appellant,
vs.
THE PUBLIC EMPLOYEES'
RETIREMENT SYSTEM, A PUBLIC
AGENCY OF THE STATE OF NEVADA,
Respondent.

No. 65634

**FILED**

JUN 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _S. Young_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order certified as final under NRCP 54(b) dismissing the respondent in a civil action. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

After her mother, Cynthia, died in a horseback riding accident in 2003, the appellant, Jenet Mraz, became eligible for dependent child benefits and survivor benefits from the respondent, Public Employees' Retirement System (PERS). Because Jenet was a minor, her biological father, George Wills,[1] returned the necessary paperwork to PERS. Thereafter PERS distributed Mraz's benefits into a joint bank account that Mraz and Wills shared. Mraz maintains that she did not know about the PERS distributions until November 2009, when PERS accidentally

---

[1]The order dismissing PERS did not adjudicate Wills's liability and the action continues as to him in district court. Since he is not a party to this NRCP 54(b) appeal, we have removed him from the caption.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-18675

deposited Wills's retirement benefits into Mraz's personal bank account.[2] Apparently, this prompted Mraz to question how her mother's benefits had been distributed, which allegedly led to her discovery that Wills had received and squandered the PERS benefits distributed to Wills on her behalf from 2003 through 2009.

Mraz filed a complaint against Wills, alleging fraud, theft, conversion, and breach of fiduciary duty. After learning that Wills is judgment proof, Mraz then filed a complaint against PERS, alleging breach of contract and "liability imposed by law." The district court consolidated the two cases, and later dismissed PERS in an order certified as final under NRCP 54(b).

Mraz appeals, arguing that the district court erred by dismissing PERS because (1) PERS breached its statutory duty by distributing Mraz's benefits to Wills and by failing to monitor Wills's expenditure of her benefits and (2) PERS breached its contract with Mraz's mother by failing to pay survivor benefits directly to Mraz, the third-party beneficiary of Cynthia Mraz's employment contract. We affirm.

I.

If a PERS member dies before she retires, her minor child is entitled to dependent child survivor benefits until the child turns eighteen or, if the child is enrolled as a full-time student, twenty-three. NRS 286.673(1)-(3). Dependent child survivor benefits are distinct from

---

[2]Wills and PERS question the accuracy of Mraz's allegations, but for purposes of this appeal we "accept all factual allegations in the complaint as true." *Blackjack Bonding v. City of Las Vegas Mun. Court*, 116 Nev. 1213, 1217, 14 P.3d 1275, 1278 (2000).

survivor benefits paid to the PERS employee's designated beneficiary. NRS 286.6767 addresses the latter and specifies that if a PERS member dies before receiving her full benefits, PERS will make payments to the survivor beneficiary that the member designates on "a form approved by the Executive Officer." *See* NRS 286.6767(2). Although the PERS member may designate an adult or a child, neither NRS 286.67675, which addresses payments to survivor beneficiaries, nor the remainder of NRS Chapter 286 addresses distribution of *survivor benefits* to minors. Instead, the survivor benefits distribution statutes simply state that "the survivor beneficiary of a deceased member [with at least ten years of service]. . . is entitled to receive a monthly allowance . . . ." NRS 286.6768(1); NRS 286.67685(1). It is the latter category of benefits—designated beneficiary survivor benefits, not dependent child survivor benefits—that are the focus of this appeal.

Mraz maintains that PERS violated a statutory duty to her by paying her designated-beneficiary benefits to her through her father. But nothing in NRS Chapter 286 prohibits PERS from distributing a minor's survivor benefits to his or her parent or guardian.[3] In fact, NRS 286.673(6), the *only* section in NRS Chapter 286 that specifically addresses distribution of benefits to minors, provides that dependent child survivor benefits "may be paid by the System to the child's: (a) Surviving parent; or (b) Legal guardian." Mraz argues that the permission granted in NRS 286.673(6) implies that the Legislature withheld such permission as to other distributions to minors, implicitly requiring PERS to do more

[3]This is not to say that the Legislature could not—or should not—clarify to whom a minor's benefits are distributed or the process by which PERS makes distributions to a minor.

than simply distribute the benefits to the child's parent or guardian. We disagree. "It is presumed that fit parents act in the best interest of their children." *St. Mary v. Damon*, 129 Nev., Adv. Op. 68, 309 P.3d 1027, 1035 (2013). Nothing in Chapter 286 obligates PERS to undertake to supervise the minor's estate or a parent's expenditure of a minor beneficiary's benefits, or to withhold distribution of benefits unless and until the minor has reached majority. If the Legislature deemed fit to impose responsibilities of this nature, it would have said so, not left the matter to negative implication. Absent express statutory command, we decline to infer such an obligation from the statute's silence on the subject. The district court correctly dismissed Mraz's "liability imposed by law" claim against PERS because PERS did not breach its statutory duties by distributing Mraz's benefits by and through her biological father.

## II.

A pension is an element of compensation that is part of an employment contract. *Pub. Employees' Ret. Bd. v. Washoe Cnty.*, 96 Nev. 718, 722, 615 P.2d 972, 974 (1980). Once an employee "retires and all conditions for his retirement benefits have been met," neither PERS nor the Legislature may alter or impair his or her pension without impairing the contractual obligation of the public employer. *Nicholas v. State*, 116 Nev. 40, 44, 992 P.2d 262, 265 (2000). Here, the district court correctly dismissed Mraz's breach of contract claim against PERS because neither Mraz nor her mother had an employment relationship with PERS. Even assuming that a contractual right exists between Mraz and PERS, moreover, Mraz still cannot sustain her breach of contract claim because PERS's obligation to pay survivor benefits is statutory, not contractual, and as we previously explained, PERS did not violate its payment

obligations by making payments to Mraz's father while she was a minor. Accordingly, the district court correctly dismissed Mraz's claim for breach of contract.

In conclusion, we sympathize with Mraz's situation, but this court cannot expand or modify statutory language to impose requirements that the Legislature did not. *Williams v. United Postal Servs.*, 129 Nev., Adv. Op. 41, 302 P.3d 1144, 1148 (2013). Therefore, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Nancy L. Allf, District Judge
Lansford W. Levitt, Settlement Judge
Patti, Sgro & Lewis
Attorney General/Carson City
Woodburn & Wedge
Eighth District Court Clerk
Olson, Cannon, Gormley, Angulo & Stoberski