# IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A.,
Appellant,
vs.
PREMIER ONE HOLDINGS, INC., A
NEVADA CORPORATION,
Respondent.

No. 67873

FILED

JUN 22 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a motion for summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Adriana Escobar, Judge.

Appellant Wells Fargo Bank, N.A.'s predecessor in interest loaned a home buyer $213,396, which was secured by a deed of trust. The property was also subject to homeowners' association (HOA) assessments. The homeowner defaulted on his HOA assessments, and the HOA foreclosed on its lien. Respondent Premier One Holdings, Inc. purchased the property at the resultant foreclosure sale. Approximately three months later, Premier One quitclaimed the property to Valladolid, LLC, its subsidiary, and then brought an action in the district court to quiet title. Wells Fargo moved to dismiss, and Premier One countermoved for summary judgment. After the complaint was filed but before the district court ruled on Wells Fargo's motion, Valladolid quitclaimed the property back to Premier One. The district court denied Wells Fargo's motion to dismiss and granted Premier One's motion for summary judgment, concluding that, "[b]ased on the holding in *SFR* [*Investments Pool 1, LLC*] *v. U.S. Bank*[*, N.A.*], [130 Nev., Adv. Op. 75, 334 P.3d 408

(2014),] . . . there are no genuine issues of material fact in dispute." Wells Fargo appeals the granting of summary judgment, arguing that Premier One did not have standing to file the complaint because it did not have title to the property when the complaint was filed and that summary judgment should not have been granted.

"Standing is a question of law reviewed de novo." *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). Because Valladolid owned the property at the time the complaint was filed, Valladolid was the real party in interest. *See Szilagyi v. Testa*, 99 Nev. 834, 838, 673 P.2d 495, 498 (1983) ("A 'real party in interest' under NRCP 17(a) is one who possesses the right to enforce the claim and has a significant interest in the litigation." (footnote omitted)). However, the property was transferred back to Premier One prior to any ruling by the district court, making it the real party in interest. As such, because there are no res judicata issues, we conclude that Premier One had standing to file the complaint. *See Easton Bus. Opportunities, Inc. v. Town Exec. Suites—E. Marketplace, LLC*, 126 Nev. 119, 125-26, 230 P.3d 827, 831 (2010) (explaining that the 1971 amendments to NRCP 17(a) were made in order to conform to Federal Rule of Civil Procedure (FRCP) 17(a)'s amendments, which were made "to insure generally that the judgment will have its proper effect as res judicata" (quoting FRCP 17(a) advisory committee's note to 1966 amendment).

We now turn to the motion for summary judgment. "This court reviews a district court's grant of summary judgment de novo . . . ." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when no genuine issue of material fact

remains and the moving party is entitled to judgment as a matter of law. *Id.*

The district court based its conclusion that Premier One was entitled to summary judgment on our holding in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev., Adv. Op. 75, 334 P.3d 408 (2014). In *SFR*, we primarily decided two issues: whether an HOA superpriority lien foreclosure extinguishes a first deed of trust, and whether it can be foreclosed nonjudicially. *Id.* at 409. *SFR* did not resolve all disputes surrounding an HOA superpriority lien foreclosure including, for instance, and as appears to be at issue here, commercial reasonableness. Therefore, we conclude that it was improper for the district court to grant summary judgment based solely on *SFR*.

Although Premier One asserted at oral argument that Wells Fargo needed to submit affidavits on the commercial reasonableness of the sale to overcome summary judgment, this argument was not raised before the district court or in its appellate brief. Premier One's attempt to broaden its argument during oral argument was improper. *See State ex rel. Dep't of Highways v. Pinson*, 65 Nev. 510, 530, 199 P.2d 631, 641 (1948) ("The parties, in oral argument, are confined to issues or matters properly before the court, and we can consider nothing else, and, certainly, cannot give heed to any ground not based upon facts appearing in the record on appeal or disclosed in the motion papers."). We address this argument, however, because it is belied by the record on appeal.

The burden on the nonmoving party to "set forth specific facts [by affidavit or otherwise] demonstrating the existence of a genuine issue for trial" only applies if the moving party has properly supported its motion for summary judgment as required by NRCP 56. *Wood*, 121 Nev.

at 731-32, 121 P.3d at 1031 (internal quotation marks omitted); *see also* *Maine v. Stewart*, 109 Nev. 721, 727, 857 P.2d 755, 759 (1993). Premier One's motion for summary judgment was limited to two arguments: (1) *SFR* disposes of all the issues presented in this case, and (2) Wells Fargo lacks standing to argue the commercial reasonableness of the sale. Because Premier One's motion for summary judgment was limited to these two seemingly meritless arguments, Wells Fargo would have been relieved of its obligation to "demonstrat[e] the existence of a genuine issue for trial." *Id.*

Accordingly, we ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[1]Because we reverse this matter on summary judgment grounds, we do not reach the constitutional arguments.

cc:     Hon. Adriana Escobar, District Judge
        Janet Trost, Settlement Judge
        Snell & Wilmer, LLP/Tucson
        Snell & Wilmer, LLP/Las Vegas
        Kim Gilbert Ebron
        Joseph Y. Hong
        Eighth District Court Clerk