DAVIS *v.* HARDAWAY CONTRACTING CO.

5-3468                                386 S. W. 2d 707

Opinion Delivered February 15, 1965.

*Odell Pollard* and *W. R. Hastings, Jr.,* for appellant.

*Smith, Williams, Friday & Bowen,* By *B. S. Clark,* for appellee.

CARLETON HARRIS, Chief Justice. On December 21, 1960, appellees, under the name of Midland Constructors, Inc., entered into a contract with the United States of America for the construction of ballistic missile launching facilities in the State of Arkansas. Thereafter Midland entered into a subcontract with appellees, C.J.C. Corporation, and Caprock Material Company, Inc., subletting certain phases of its prime contract with the government. The contract between Midland and the government contained a schedule of wages for various classes and skills of laborers and mechanics, and the schedule set forth the rates of pay to be paid each such class or skill of laborers and mechanics as had been determined by the Secretary of Labor under the authority of the Davis-Bacon Act, Title 40, Section 276 (a), et seq, U. S. C. A.[1] The provisions of the government contract with

---

[1] Under the Davis-Bacon Act, as amended, the minimum wages to be paid various classes of laborers and mechanics are based upon the wages that will be determined by the Secretary of Labor to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the city, town, village, or other civil subdivision of the state, in which the work is to be performed.

2

Midland were binding upon both the prime contractor and any subcontractors on the project.

Appellants performed labor and services for appellee sub-contractors during the calendar year of 1961 under the provisions of this contract. On January 4, 1962, appellants instituted suit in the Faulkner County Circuit Court against all appellees, contending that, under the wage schedule as determined by the Secretary of Labor for the contract, they were entitled to receive, and appellees were required to pay, the sum of $3.55 per hour for eight hours a day, with time and one-half paid for overtime. This was the rate set for the mechanics, and appellants assert that the subcontractors erroneously and gratuitously classified appellants as mechanics' helpers, greaser-oilers, agitator, and transit mix operators. A schedule of wages is also included for these classifications, but at a lesser rate of pay. Appellants sought the difference between the pay they actually received, based on the classifications just mentioned, and the pay allowed mechanics. Appellees first filed a motion to dismiss, and subsequently filed their answer, asserting that full payment had been made to appellants, and asking that the complaint be dismissed. After further motions and amendments, the cause was submitted to the court. No testimony was offered, the parties having stipulated as to pertinent facts. On March 23, 1964, the court rendered its opinion, holding that the complaint should be dismissed for want of jurisdiction "in that this is a suit as to the classification of the laborers (whether the mechanics or lower-paid employees)," and that under the Davis-Bacon Act, the matters at issue were to be determined solely by the Secretary of Labor. It was further found that the cover sheet of the wage schedule (introduced by stipulation), contained in the contract, required that matters of classification be referred to the Secretary of Labor for determination. From the judgment dismissing the complaint, appellants bring this appeal.

We think the answer to this litigation is found in the regulations of the Secretary of Labor, Title 29, Sub-

title A, Part 5,[2] Code of Federal Regulations. These regulations are based upon the Davis-Bacon Act, and other Federal legislation dealing with contracts in which the Federal government is interested. Part 5, Section 5, Subsection (1) (ii) of Title 29, Subtitle A, provides:

"The contracting officer shall require that any class of laborers or mechanics which is not listed in the wage determination and which is to be employed under the contract, shall be classified or reclassified conformably to the wage determination, and a report of the action taken shall be sent by the Federal agency to the Secretary of Labor. In the event the interested parties cannot agree on the proper classification or reclassification of a particular class of laborers and mechanics to be used, the question accompanied by the recommendation of the contracting officer shall be referred to the Secretary for final determination."[3]

In the litigation before us, appellants and appellees were unable to agree upon the proper classification of these appellants, i.e., they could not agree as to which classified the work performed by appellants. We are of the opinion that the quoted language requires that the dispute be referred to the Secretary of Labor for his determination. Appellants insist that the referral to the Secretary of Labor for final determination is made only in those instances where the contractor anticipates using laborers and mechanics whose classifications are not listed in the wage schedule theretofore established, and in the event that there is inability to agree upon the

---

[2] Labor standards provisions applicable to contracts covering Federally financed and assisted construction.

[3] This is substantially the same language that is used on the cover sheet of the wage schedule, heretofore referred to, which is included in the contract. That language is as follows: "Under the Davis-Bacon Act (law code DB) the contracting officer shall require that any class of laborers and mechanics not listed in the Secretary's decision, which will be employed on the contract, shall be classified or reclassified by the contractor or sub-contractor conformably to the Secretary's decision and a report of the administrative action taken in such cases shall be transmitted by the agency to the Secretary of Labor. In the event the interested parties cannot agree on the proper classification of a particular class of laborers and mechanics to be used, the question, accompanied by the recommendation of the contracting officer, shall be referred to the Secretary of Labor for final determination."

proper classification. Appellants assert that, here, classification of mechanics has already been set up and there is no further need to refer the controversy to the Secretary.

We do not entirely concur with appellants' interpretation. While we agree that the situation mentioned by them would have to be referred to the Secretary, we do not agree that the language employed only refers to instances where there has been no classification. Rather, we are of the view that the quoted language also has reference to the type of dispute here presented.

Title 29, Subtitle A, Part 5, Section 6, provides that the Federal agency (entering into the contract) shall make such examination of the payrolls and statements as may be necessary to assure compliance with labor standards required by regulations, and further sets out that particular attention shall be given to the correctness of classifications and disproportionate employment of laborers, helpers, or apprentices. There is a further provision that the agency shall preserve payrolls and statements for a period of three years after the contract is completed, and shall produce same at the request of the Secretary of Labor.

The section also requires that the Federal agency (that entered into the contract) shall cause such investigations to be made as will assure compliances with the labor standard stipulations, and provides that the investigation shall include interviews with employees, examination of payroll data for the purpose of determining the correctness of classifications and disproportionate employment of laborers and helpers. This section also sets out that alleged violations shall be given priority, and that statements made by an employee shall be treated as confidential and not disclosed to the employer without consent of the employee.

Section 7 provides for reports to the Secretary of Labor. Subsequent sections provide penalties for the contractors' failure to comply with labor standard stipulations, and Section 11, Subsection (b) provides the man-

ner and procedure to be used by the Secretary of Labor in conducting hearings in making his determination.

It is apparent that these regulations are comprehensive, and are designed to afford relief to aggrieved laborers. The Davis-Bacon Act itself (Sections 276a to 276a-5 of Title 40, U.S.C.A.) also sets out remedies for laborers who have been paid less wages than the rate (of wages) required to be paid under a contract. We are persuaded that this act, together with the rules and regulations promulgated, and heretofore set out (Title 29, Subtitle A, Part 5), provides full and complete relief, and state courts are without jurisdiction to entertain the type of litigation here under discussion.

There seems to be a dearth of decisions from state courts in recent years on the issue involved, but the reported decisions appear to be in accord with the position here taken. *Kelly* v. *Grimshaw*, 167 P. 2d 627 (Kansas) and *Northern States Contracting Co.* v. *Swope* (Ky.), 111 S. W. 2d 610, support our interpretation. See also 163 A. L. R., pp. 1300 through 1307.

We have concluded that the court's ruling was correct.

Affirmed.