JUSTICE RICE
specially concurring.
*306 ¶60 I concur with the holding of the Court, but do so under a somewhat different rationale. I agree that the District Court has subject matter jurisdiction to adjudicate Workers’ state law claims for breach of contract. However, in reaching that conclusion, I believe it necessary to analyze the Miller Act. The Davis-Bacon Act specifically prescribes an available judicial right of action under the Miller Act for the wages at issue here and, therefore, as a Davis-Bacon prescribed remedy, the Miller Act must be considered in properly assessing the rights of Workers herein.
¶61 In addition to the conclusion reached by the majority, I would also conclude that the Miller Act, allowing Workers to sue the contractor and its surety on the bond, as provided for in 40 U.S.C. § 276a-2(b) of the Davis-Bacon Act, is not an exclusive federal remedy and, as such, does not preempt or exclude Workers’ breach of contract action under Montana state law.
¶62 Initially, I note that ARC was correct when it argued that Workers cannot sue in state or federal court under the Davis-Bacon Act for violations of the Davis-Bacon Act. Neither the statutes nor regulations prescribe any such remedy. The regulations implementing the Davis-Bacon Act require proactive conduct on the part of the Federal agency (USAF) and the Department of Labor to protect laborers and mechanics working under federal contracts with Davis-Bacon clauses. See 29 C.F.R. § 5.6(a)(3) and (b) (requiring the Federal agency and Department of Labor to initiate investigations to assure compliance with Davis-Bacon contract clauses, inspect payroll data, and to determine the correctness of classifications, giving priority to complaints of alleged violations). In the event of failure or refusal to pay, 29 C.F.R. § 5.9 authorizes the Federal agency to cause the suspension and withholding of funds sufficient to compensate employees for the wages to which they are entitled. If insufficient funds are subsequently withheld to compensate employees their unpaid wages, there is no remedy to sue under the Davis-Bacon Act.
¶63 Rather, 40 U.S.C. § 276a-2(b) of the Davis-Bacon Act provides that “[i]f the accrued payments withheld under the terms of the contract... are insufficient to reimburse Ml the laborers and mechanics with respect to whom there has been a failure to pay the wages required pursuant to this Act, such laborers and mechanics shall have a right of action and/or of intervention against the contractor and his sureties conferred by law upon persons furnishing labor or materials ....” This does not refer to a “private action” under the Davis-Bacon Act, but a right of action by the laborer or mechanic on the contractor’s payment *307 bond pursuant to the Miller Act. See Ybanez v. Anchor Constructors, Inc. (Tex. Civ. App. 1972), 489 S.W.2d 730, 739. See also Universities Research Ass’n Inc., v. Coutu (1981), 450 U.S. 754, 776-77 & n.28, 101 S.Ct. 1451, 1465 & n.28, 67 L.Ed.2d 662, 679 & n.28.
¶64 Workers were thus correct in arguing that this is not a “private right of action” case, but rather a “preemption” case. As the only “right of action” provided to Workers is a right of action under the Miller Act, the relevant inquiry is whether the federal Miller Act remedy is the exclusive remedy available to Workers when the actions of the Federal agency and Department of Labor under the Davis-Bacon Act fail to provide Workers with sufficient funds to compensate their unpaid wages.
¶65 Creating confusion in this scenario is the question surrounding the exhaustion of administrative dispute resolution procedures and exhaustion of administrative remedies under the Davis-Bacon Act. The “administrative remedy’ provided for laborers and mechanics under the Davis-Bacon Act is the withholding of sufficient funds by the Federal agency/Contracting Officer to reimburse laborers and mechanics their unpaid wages. The laborers and mechanics can initiate such “withholding action” by giving notice of any alleged violations via complaints to the Federal agency. 29 C.F.R. § 5.6(a)(3).
¶66 Upon a Federal agency finding of an actual violation of the Davis-Bacon clauses by the contractor or subcontractor, the Federal agency has authority to cause the suspension of sufficient funds to compensate the laborers and mechanics their unpaid wages. 29 C.F.R. § 5.9. If the Federal agency fails to withhold sufficient funds, the only remaining remedy under the Davis-Bacon Act is a Miller Act action pursuant to 40 U.S.C. § 276a-2(b).
¶67 The administrative procedural prerequisite for an actionable Miller Act claim is that Workers must give notice of the alleged contract clause violations to the Federal agency- the USAF. 29 C.F.R. § 5.6(a)(3). The Davis-Bacon regulations provide no further administrative procedures to be completed on behalf of Workers beyond notification to the Federal agency of the alleged violations.
¶68 For an actionable Miller Act claim, the Davis-Bacon regulations also require no further administrative determination beyond the Federal agency s determination that the contractor or subcontractor is in violation of the Davis-Bacon clauses. In fact, regarding any post-contract violations by the contractor or subcontractor, the regulations provide no option for the laborers and mechanics other than to complain of the alleged violations to the Federal agency, as the *308 regulations contain no provision for the laborers and mechanics to appeal to the Department of Labor. Neither do the regulations require the Department of Labor to make a post-contract determination of prevailing wages and employment classifications subsequent to the Federal agency’s proper exercise of post-contract authority in making such determinations[1].
¶69 Following Workers’ complaint of the alleged violations, the only subsequent administrative determinations essential to an actionable Miller Act claim are a determination of prevailing wages and a determination of the correct classifications for Workers. See 40 U.S.C. §§ 276a through 276a-2(b). These determinations cannot be made judicially, as the judiciary has no authority or jurisdiction to determine the correctness of prevailing wages or the correctness of employee wage classifications under the Davis-Bacon Act. See United States v. Binghamton Constr. Co. (1954), 347 U.S. 171, 177, 74 S.Ct. 438, 441, 98 L.Ed. 594, 599 (“[t]he correctness of the [Department of Labor’s] determination is not open to attack on judicial review”).
¶70 Applied to the present situation, the Department of Labor initially exercised its authority, pursuant to 40 U.S.C. § 276a, and determined the prevailing wages and job classifications prior to execution of the contract. The Department of Labor was thus correct when it denied the request by ARC for “new” job classifications, as the Department of Labor had already exercised its “final” authority by its pre-contract determination of prevailing wages, correct job classifications and correct job descriptions. No party to this action disputes these findings and there were thus no disputes of fact or of law to be resolved by the Department of Labor pursuant to 29 C.F.R. § 5.11.
¶71 Secondly, the Federal agency/Contracting Officer, pursuant to 29 C.F.R. § 5.6 (a)(3), determined that Workers were correctly classified, and were, therefore, underpaid. As noted, this determination is within the explicit authority of the Federal agency. In other words, although *309 the Department of Labor is ultimately the final authority regarding determinations of prevailing wages and worker classifications, the Davis-Bacon regulations afford the Federal agency authority to determine proper classification of workers prior to entering into the contract, see 29 C.F.R. § 5.5(a)(l)(ii)(A) and (B), and authority to determine the correctness of worker classifications subsequent to contract formation, see 29 C.F.R. § 5.6(a)(3).[2] The latter authority can be exercised by the Federal agency upon its own initiative or after complaints of alleged violations filed by laborers and mechanics.
¶72 The above two administrative determinations by the Department of Labor and the Federal agency, as correctly noted by the majority, fully exhausted Ml administrative procedures and the administrative dispute resolution process. The result-that Workers were not fully reimbursed for unpaid wages-was not a failure of the administrative dispute resolution process as the Court here finds. To the contrary, there were no disputes to be administratively resolved and the process worked as intended.[3]
¶73 With the successful completion of the administrative process, it having been properly determined that the accrued payments withheld were insufficient to reimburse Workers for unpaid wages according to their correct classifications, Workers were free to exercise the final federal remedy provided by 40 U.S.C. § 276a-2(b) of the Davis-Bacon Act: a judicial right of action by Workers against the contractor and its surety on the bond pursuant to the Miller Act.
¶74 A necessary question before this Court, therefore, is whether the federal Miller Act remedy is intended to be the exclusive remedy *310 available to Workers or whether Workers may, in the alternative, avail themselves to available Montana state law remedies.
¶75 The United States Courts of Appeals for the Second, Fifth, Ninth and Tenth Circuits have considered the issue of whether the federal Miller Act provides an exclusive remedy to laborers and mechanics, and these Courts of Appeals have concluded that it does not. See United States v. Reid & Gary Strickland Co. (5th Cir. 1999), 161 F.3d 915, 919; Wright v. United States Postal Service (9th Cir. 1994) 29 F.3d 1426, 1431; K-W Industries v. National Surety Corp. (9th Cir. 1988), 855 F.2d 640, 643; Active Fire Sprinkler Corp. v. United States Postal Service (2nd Cir. 1987), 811 F.2d 747, 754; United States v. Ins. Co. of North America (10th Cir. 1982), 695 F.2d 455, 458.
¶76 The Supreme Courts of Nevada and Wisconsin have likewise held. See Hoffmeister Cabinets of Nevada, Inc. v. Bivins (Nev. 1971), 486 P.2d 57, 58; Voelz v. Milgram Contracting Co. (Wis. 1956), 75 N.W.2d 305, 306 (holding that the Miller Act is the exclusive remedy only to an action brought “on the bond” and not to some other suit not based on the bond directly).
¶77 Similarly, the United States District Courts in California, Texas and Massachusetts are in agreement. See United States v. Wausau Insurance Cos. (E.D. Cal. 1991), 755 F.Supp. 906, 909; Alvarez v. Insurance Co. of North America (N.D. Cal. 1987), 667 F.Supp. 689, 693-95; United States v. Robert E. McKee, Inc. (N.D. Tex. 1988), 702 F.Supp. 1298, 1302; United States v. Sovereign Constr. Co. (D. Mass.), 311 F.Supp. 371, 372.
¶78 Finally, in another important ruling, the Eighth Circuit Court of Appeals has held that the Davis-Bacon and Miller Acts have different and independent aims, and do not, either explicitly or implicitly, limit one another. See United States v. W.H. Cates Constr. Co. Inc. (8th Cir. 1992), 972 F.2d 987, 992.
¶79 I would likewise conclude that the Miller Act is not the exclusive remedy to Workers in the present situation, subject to any actual frustration by state law remedies of the purposes or goals of either the Miller Act or the Davis-Bacon Act. A breach of contract remedy under Montana state law, however, does not frustrate or impede the goal of the Miller Act to create a substitute lien via right of bond action against a surety. In both a Miller Act action or breach of contract action, Workers are provided with a remedy to receive unpaid wages which are due. Based on the foregoing, I conclude that workers are free to pursue their state law claims for breach of contract.
¶80 For the above reasons, I concur with the result reached by the *311 majority and also conclude that the Miller Act remedy, provided in 40 U.S.C. § 276a-2(b) of the Davis-Bacon Act, is not the exclusive remedy to Workers in this case, but that Workers are free to pursue their breach of contract action under Montana state law.

 The “contract provisions” in 29 C.F.R. § 5.5, dealing with pre-contract determinations have been interpreted to require further post-contract administrative determinations by the Department of Labor if workers file a complaint alleging underpayment of wages due. See, e.g., Davis v. Hardaway Contracting Co. (Ark. 1965), 386 S.W.2d 707. However, such interpretation is incorrect and contrary to a plain reading of the regulations. The contract provisions in 29 C.F.R. § 5.5, requiring classification disputes to be referred to the Department of Labor, refer only to disputes regardingpredetermination of prevailing wages and classification of workers, occurring prior to letting of the contract. See Universities Research Ass’n Inc., v. Coutu (1981), 450 U.S. 754, n.9, 101 S.Ct. 1451, n.9, 67 L.Ed.2d 662, n.9 (“[t]here is currently no administrative procedure [under the Davis-Bacon Act] that expressly provides review of a coverage determination after the contract has been let”).

 Some case law from other jurisdictions hold otherwise, that generally all disputes must be resolved by the Department of Labor. Such case law is based upon misapplication of precedent. See, e.g., United States ex. rel Windsor v. DynCorp, Inc. (E.D. Va. 1995), 895 F.Supp. 844. Relying on Coutu and failing to distinguish between pre- and post-contract determination by the Department of Labor, the DynCorp court concluded that classification disputes must be referred to the Department of Labor. As noted above in footnote 1, however, the Coutu court explicitly distinguished between pre- and post-contract determinations and specifically noted that the regulations contain no administrative procedure that expressly provides review of a coverage determination after the contract has been let.

 Pursuant to 29 C.F.R. § 5.7(a)(2), it is the sole responsibility of the Federal agency to report any violations by the contractor or subcontractor to the Department of Labor. However, a failure of the Federal agency to do so has no repercussions on the rights of the complaining laborers and mechanics to receive unpaid wages or to pursue their right of action under the Miller Act, nor does the failure of the Federal agency to submit its mandatory report, as apparently occurred in the present situation, imply that the laborers or mechanics must somehow supplement such inaction by notifying the Department of Labor of the Federal agency’s findings.